**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **Rajesh Radhakrishnan**<br>**49 Ballou St Cumberland**<br>**RI 02864**<br><br>**Plaintiffs**<br><br>**V.**<br><br>***Michael Chertoff*, as Secretary of the Department of Homeland Security;**<br>***Emilio T Gonzales*, Director of U.S. Citizen and Immigration Services;**<br>***Robert S. Mueller III*, Director of Federal Bureau of Investigation**<br><br>**Defendants** | CA 07 327S<br><br>**CIVIL ACTION NO.____________** |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR WRIT IN THE NATURE OF**
**MANDAMUS & DECLARATORY JUDGEMENT**

NOW come the Plaintiff, Rajesh Radhakrishnan, by and through Pro Se, in the above-captioned matter, and hereby states as follows:

1. This action is brought against the Defendants to compel action on the clearly delayed processing of an I-485 Application filed by the Plaintiff, Radhakrishnan Rajesh. The application was filed and remains within the jurisdiction of the Defendants, who have improperly handled and delayed processing the application to Plaintiff's detriment.

**PARTIES**

2. Plaintiff Radhakrishnan Rajesh, resides at 49 Ballou St, Cumberland, alien number A98 898 803, is the primary applicant of an I-485, Application to Register Permanent Resident or Adjustment of Status along with his wife, Smitha Sankaran Nair as the

derivative beneficiary, alien number A98 898 802 filed with the USCIS on March 11, 2005.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC § 1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications for nonimmigrant visas filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

4. Defendant Emilio T. Gonzalez is the Director of the U.S Citizenship & Immigration Services (USCIS) and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii)(B).

5. Defendant Robert S. Mueller, III, Director of Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of State. As will be shown, Defendant has failed to complete the security clearances of Plaintiff's cases.

**JURISDICTION**

6. Jurisdiction in this case is proper under 28 USC §§ 1331 and 1361, 5 USC §701 et seq., and 28 USC §2201 et seq. Relief is requested pursuant to said statutes.

**VENUE**

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant performs his official duties and plaintiff resides in this district.

**EXHAUSTION OF REMEDIES**

8. The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied the USCIS documents that clearly establish his eligibility to Register Permanent Resident or

Adjust Status.

## CAUSE OF ACTION

9. Plaintiff properly filed an application I-485, Application to Register Permanent Resident or Adjust Status, pursuant to Section 245 of the Immigration & Naturalization Act on March 11, 2005. Attached hereto as **Exhibit A** in an acknowledgement document by the USCIS.

10. Plaintiff and his spouse submitted their fingerprints to USCIS on May 17, 2005. Plaintiff submitted his fingerprints for the second time on May 5, 2007. Plaintiff's spouse(derivative beneficiary) submitted her fingerprints for the second time on June 14, 2007. Attached hereto as **Exhibit B.**

11. An immigrant visa was immediately available to the petitioner at the time of filing this complaint.

12. An immigrant visa is immediately available to the petitioner at the time, I-485 was filed.

13. Plaintiff and derivative beneficiary have applied for 2 EAD(Employment Authorization Document) that were approved. Both plaintiff and derivative beneficiary have 1 Travel Parole Applications that were granted to them.

14. Since August, 2005, Plaintiff has been contacting USCIS over the phone about the case status to figure out why the processing of the case has been delayed and has received no definitive responses or relief.

15. On March 12, 2007, Plaintiff and derivative beneficiary got a response from Vermont USCIS that the I-485 case was transferred to the Nebraska USCIS office to speed up processing. Attached hereto as **Exhibit C.**

16. On April 5, 2007, Plaintiff requested Congressional Assistance from the office of Jack Reed to get the case Adjudicated and FBI name check finalized.

17. On May 25, 2007, Plaintiff received information from the office of Jack Reed indicating that he has send additional correspondence to the USCIS Texas Service Center. Attached hereto as **Exhibit D**. To date, they have also been unable to get a more detailed response from the defendants.

18. On May 14, 2007, the plaintiff appeared before the USCIS Providence in order to enquire about the status of his case. Plaintiff was finally told by an immigration officer that USCIS still had not completed the FBI Name Check Clearance and that it has been

pending since May, 2005.

19. On July 12, 2007, Plaintiff contacted the USCIS via the national hotline to enquire about the status of the case. The USCIS officer informed the plaintiff that the case is still under review. A Service request about the two cases was initiated on the recommendation of the USCIS officer. Plaintiff is yet to hear from USCIS in this regard.

20. On July 25, 2007, Plaintiff decided to file a FOIPA(Freedom of Information Privacy Act) to see if the reason behind the FBI Name Check Clearance delay was due to a Record in the FBI Central Record System(CRS). The FBI name check is made against the CRS system which is updated by 20 other agencies for various reasons.

21. On August 17, 2005, Plaintiff, got a response back from David M. Hardy, Section Chief of CRS stating that there were "No Records" or "Hits" in the system based on the name provided by the Plaintiff. Attached hereto as **Exhibit E**. This is the same system coincidently that the FBI make repeated Name Check inquiries against on behalf of USCIS for all applicants filing for Permanent Residency in the light of September 11, 2001.

22. On August 24, 2007, Plaintiff contacted the USCIS via the national hotline to enquire again about the status of the case. The USCIS officer informed the plaintiff that the USCIS had still not completed his background check; and therefore was unable to approve the petition.

23. The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.
    (a) Specifically, Plaintiff Rajesh Radhakrishnan and his derivative beneficiary, has been unable to obtain legal permanent residence, travel and work without restriction and accrue time to be eligible for Naturalization as a citizen of the United States.
    (b) Specifically, Plaintiff Rajesh Radhakrishnan is waiting and will continue to wait for a significant amount of time for a decision on his I-485 application. His status in the United States has been and will continue to be uncertain. Plaintiff could not plan ahead because he has not known and does not not know when he becomes a permanent resident.

24. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regards to the Plaintiff's case.

25. The Defendants, despite having a duty to act within reasonable time, have failed to process and adjudicate Plaintiff's application for permanent residency in a timely manner.

26. The defendants have failed to properly adjudicate this petition. They have failed to adhere

to their own regulations and have improperly delayed the processing of the Plaintiff's I-485 Application after the Plaintiff had submitted a properly executed application. It has been nearly 29 months since the Plaintiff has filed his I-485 application.

27. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements and complete the processing procedures. The Plaintiff has done everything to get his case Adjudicated but the Defendants have clearly not given the Plaintiff any form of relief.

28. Defendants' delay in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving them of the rights to which the Plaintiff and derivative beneficiary are entitled.

29. Plaintiff has exhausted all adminstrative remedies available and had determined that no adequate remedy exists.

**PRAYER**

30. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to properly adjudicate Plaintiff's application for action on an approved petition;
(b) requiring Defendants to provide the Plaintiff with a Notice of Approval;
(c) granting such other relief at law and in equity as justice may require.

08/29/07

Respectfully Submitted,

Rajesh Radhakrishnan

Rajesh Radhakrishnan ~~Rajesh~~
**PRO SE**