**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**SECOND AMENDED COMPLAINT**

Plaintiff, pursuant to Rules 15(a) of the Federal Rules of Civil Procedure and applicable local rules, files this amended complaint.

**Rajesh Radhakrishnan** )
**49 Ballou St Cumberland** )
**RI 02864** )
)
**Plaintiff** )
)
**v.** ) **CIVIL ACTION**
) **NO. CA 07 327S**

***Michael Chertoff***
**Secretary, Department of Homeland Security** )
**Office of the General Counsel** )
**U.S. Department of Homeland Security** )
**20 Massachusetts Ave, NW, Suite 402** )
**Washington, D.C. 20528** )
)
***Emilio T Gonzales*** )
**Director of the U.S. Citizenship and** )
**Immigration Service** )
**Office of the General Counsel** )
**U.S. Department of Homeland Security** )
**20 Massachusetts Ave, NW, Suite 402** )
**Washington, D.C. 20528** )
)
***Robert S. Mueller III*** )
**Director of Federal Bureau of Investigation** )
**J. Edgar Hoover Building** )
**935 Pennsylvania Avenue** )
**NW, Washington, DC 20535-0001** )

**Evelyn Upchurch , Director** )
**Texas Service Center** )
**U. S. Citizenship and Immigration Services** )
**Mesquite, TX 75185** )
)
**Alberto Gonzalez, Attorney General** )
**U.S. Department of Justice** )
**950 Pennsylvania Av., NW** )
**Washington, DC 20530-0001** )

**Defendants** )
)
_______________________________________)

**PLAINTIFF'S AMENDED COMPLAINT**
**FOR WRIT IN THE NATURE OF**
**MANDAMUS AND INJUCTIVE RELIEF**

Plaintiff, Rajesh Radhakrishnan, **Pro Se** presents second amended Complaint before this Honorable Court.

# I. INTRODUCTION

1. This is a civil action to compel the Defendants to process the necessary background checks and adjudicate his Application to Adjust Status to Permanent Resident(Form I-485)(hereinafter "I-485"). Plaintiff's I-485 application was filed on March 11, 2005 with the U.S. Citizenship and Immigration Services, (hereinafter "USCIS") Vermont Service Center in Saint Albans, Vermont. Plaintiff has made numerous inquiries and requests for his I-485 application to be adjudicated. Defendants have failed to complete Plaintiff's background checks and failed to adjudicate I-485 applications of the Plaintiff and his spouse Smitha Sankaran Nair within a reasonable time.

# II. JURISDICTION

2. This court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331(federal question statute) and § 1361(mandamus statute).

3. Jurisdiction over this petition for mandamus is also conferred by 5 U.S.C. § 555(b), § 704 and § 706(1)(Administrative Procedures Act);

4. The aid of the court is also invoked under 28 U.S.C. § 2201(Declaratory Judgement Act) and § 2202, authorizing a declaratory judgement.

5. Costs over this petition will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C § 504, and 28 U.S.C. § 2412(d), et. seq.

# III. VENUE

2. Venue is proper in this district as Plaintiff resides in Cumberland, Rhode Island which is in this District and no real property is involved in this action. See 8 U.S.C. § 1391(e).

# IV. PARTIES

2. Plaintiff Rajesh Radhakrishnan is a citizen of India. Plaintiff was admitted to the United States in August, 1998 as an F1 non-immigrant student. On January 11, 2001, his status

changed to H1B, a non-immigrant category, until 26 November, 2003. Subsequently, his H1B was extended for a further period of three years until 26 November, 2006. Plaintiff is currently an I-485 applicant to adjust status to Lawful Permanent Residence and resides in Cumberland, Rhode Island. Plaintiff's spouse Smitha Sankaran Nair was admitted to the United States in December 2004 as an H-4 non-immigrant dependent visa.

3. Defendant Emilio T. Gonzalez is sued in his official capacity as the Director of the United States Citizenship & Immigration Services (USCIS), an agency within the U.S. Department of Homeland Security, which is charged by law with the duty of adjudicating I-485 applications for adjustment of status to lawful permanent resident and for the adminstration of the USCIS and the implementation of the immigration laws of the United States.

4. Defendant Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security. In that capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. §1103(a), including the accurate, efficient and secure processing of immigration benefits. As a result of a massive reorganization, the Immigration and Naturalization Service (I.N.S.) was dissolved on March 1, 2003, and its functions were taken over by the Department of Homeland Security.

5. Defendant Alberto Gonzalez is sued in his official capacity as the attorney general of the United States and is charged with the authority and duty to direct, manage, and supervise all employees and all files and records of the Department of Justice including the security checks required to obtain an immigration benefit such as the I-485 adjustment of status to lawful permanent residence.

6. Defendant Robert S. Mueller, III is sued in his official capacity as the Director of the Federal Bureau of Investigation (hereinafter "FBI"), an agency within the United States Department of Justice, which is responsible for conducting both criminal record checks and National Name Check Program ("NNCP"). The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including the USCIS. Upon the request of the USCIS, the FBI performs name checks and other security checks on all applicants for adjustment of status to lawful permanent residence.

7. Defendant Evelyn Upchurch, is sued in his official capacity as the Director of the Texas Service Center of USCIS of the DHS. In his capacity as the director of the Texas Service Center, USCIS, Mr. Upchurch is responsible for the adminstration of immigration benefits and services including the processing of employment based immigration petitions. As such, he has decision-making authority over the matters alleged in this complaint.

## V. EXHAUSTION OF ADMINSTRATIVE REMEDIES

8. The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied the USCIS documents that clearly establish his eligibility to Register Permanent Resident or Adjust Status. Plaintiff has made numerous enquiries concerning the status of his I-485 application to no avail. Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of Defendants to adjudicate his Form I-485 Application to Adjust Status to Permanent Resident in a timely manner.

## VI. STATEMENT OF FACTS

9. Plaintiff is the beneficiary of an immigrant petition in the EB2 category, form I-140 filed by his petitioning employer, Simulia, Inc. (world renowned for simulation software ABAQUS), which was approved on February 12, 2002. Attached hereto as **Exhibit A** (an acknowledgement document by the USCIS).

10. Plaintiff along with his spouse, Smitha Sankaran Nair properly filed an application I-485, Application to Register Permanent Resident or Adjust Status, pursuant to Section 245 of the Immigration & Naturalization Act on March 11, 2005. Attached hereto as **Exhibit B** (an acknowledgement document by the USCIS).

11. An immigrant visa was immediately available to the petitioner at the time, I-485 was filed.

12. An immigrant visa was immediately available to the petitioner at the time of filing this complaint.

13. USCIS publishes processing dates every month online at: https://egov.uscis.gov/cris/jsps/Processtimes.jsp?ServiceCenter=TSC. Texas Service Center is currently completing/processing AOS applications filed on or before October 27, 2006 while Plaintiff submitted his application in March 2005 and has a labor priority date of 3 April, 2000. Attached hereto as **Exhibit C**.

14. Plaintiff and his spouse submitted their fingerprints to USCIS on May 17, 2005. Plaintiff submitted his fingerprints for the second time on May 5, 2007. Plaintiff's spouse(derivative beneficiary) submitted her fingerprints for the second time on June 14, 2007. Attached hereto as **Exhibit D** (copy of fingerprint notices from USCIS).

15. Plaintiff and derivative beneficiary have applied for multiple Employment Authorization Documents that were approved. Both plaintiff and derivative beneficiary have one Travel Parole Applications that were granted to them.

16. Since August, 2005, Plaintiff has been contacting USCIS over the phone about the case status to figure out why the processing of the case has been delayed and has received no

definitive responses or relief.

17. On March 12, 2007, Plaintiff and derivative beneficiary got a response from Vermont USCIS that the I-485 case was transferred to the Nebraska USCIS office to speed up processing. Attached hereto as **Exhibit E** (copy of transfer notice issued by USCIS). Plaintiff seeks to know the rationale behind the transfer if namecheck was the only pending criteria behind the delay in adjudication of the application.

18. On April 5, 2007, Plaintiff requested Congressional Assistance from the office of Jack Reed to get the case Adjudicated and FBI name check finalized. Attached hereto as **Exhibit F** (copy of Plaintiff's letter to Congressman Jack Reed's office submitted via the Congressman's website). On May 23, 2007, Plaintiff received information from the office of Jack Reed indicating that he has send additional correspondence to the USCIS Texas Service Center. Attached hereto as **Exhibit F**.

19. On May 14, 2007, the plaintiff appeared before the USCIS Providence in order to enquire about the status of his case. Plaintiff was finally told by an immigration officer that USCIS still had not completed the FBI Name Check Clearance and that it has been pending since May, 2005.

20. On July 12, 2007, Plaintiff contacted the USCIS via the national hotline to enquire about the status of the case. The USCIS officer informed the Plaintiff that the case is still under review. A Service request about the the cases was initiated on the recommendation of the USCIS officer.

21. On July 25, 2007, Plaintiff decided to file a FOIPA(Freedom of Information Privacy Act) to see if the reason behind the FBI Name Check Clearance delay was due to a Record in the FBI Central Record System(CRS). The FBI name check is made against the CRS system which is updated by 20 other agencies for various reasons.

22. On August 17, 2005, Plaintiff, got a response back from David M. Hardy, Section Chief of CRS stating that there were "No Records" or "Hits" in the system based on the name provided by the Plaintiff. Attached hereto as **Exhibit G**. This is the same system coincidently that the FBI make repeated Name Check inquiries against on behalf of USCIS for all applicants filing for Permanent Residency in the light of September 11, 2001.

23. On August 24, 2007, Plaintiff contacted the USCIS via the national hotline to enquire again about the status of the service request. The USCIS officer informed the plaintiff that the USCIS had still not completed his background check; and therefore was unable to approve the petition.

24. On September 7, 2007, Plaintiff received information from the office of Jack Reed indicating that he has send additional correspondence to the USCIS Texas Service Center. As in **Exhibit F**, he had obtained no further information. Attached hereto as

**Exhibit H**.

25. On September 8, 2007, Plaintiff received a response from the USCIS Texas Service Center. It states: *"The processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open"*. Attached hereto as **Exhibit I.**

26. On September 14, 2007, the plaintiff and his spouse, Smitha Sankaran Nair appeared before the USCIS Providence in order to enquire about the status of Mrs. Smitha Sankaran Nair's background checks. Plaintiff was finally told by an immigration officer that Mrs. Smitha Sankaran Nair's "name check" has cleared( No information was given on when the name check was cleared), but the processing of her case cannot proceed unless the primary applicant, Rajesh Radhakrishnan's "security clearance" is cleared.

27. On October 10, 2007, the plaintiffs attorney for I-485, received two Request for Evidence (**RFE**) letters from USCIS Texas Service Center(one each for the plaintiff and his spouse). Both stated that *" The medical examination (Form I-693) contained in your Service file does not indicate that the required Tuberculin skin test was conducted. You should return to the civil surgeon who first examined you( or another civil surgeon authorized by this service) to properly complete the form I-693 medical examination to include the required tuberculin skin test"*. Plaintiff's RFE additionally requested submission of a current employment letter. Attached hereto as **Exhibit J**. The original I-693 was completed in December 2004. It included the Chest X-ray results to prove that plaintiff and his spouse did not have active Tuberculosis. Plaintiff seeks to know why the RFE was issued in October 2007, when the completed I-693 was available to USCIS with the original I-485 application submitted in March 2005. Plaintiff requests that USCIS be ordered to prove that the mandatory tuberculin skin test results were verified for all I-485 applications approved since March 2005. Plaintiff has strong reasons to believe that the changed guidelines were issued by the Center for Disease Control and Prevention(CDC) in March 2007(attached hereto as **Exhibit K**). The RFE indicates that the plaintiff and his spouse have 30 days to respond to this letter. Plaintiff's life is continously being put on hold(held at ransom) until the I-485 application is adjudicated because of RFE's like these. Plaintiff is concerned about the extended processing time for these RFE's. Plaintiff suspects that the USCIS is using the RFE injudiciously to justify the inexcusable delay in adjudicating I-485 application like the plaintiff's.

28. On November 9, 2007, the plaintiff's spouse, Smitha Sankaran Nair received a response from USCIS Texas Service Center. It states: *The processing of your case has been delayed. We are currently awaiting the results of required security checks on this case.* Attached hereto as **Exhibit L**

29. Plaintiff has been unable to apply for the job of Senior Stress Analyst with the current employer as the job requires U.S. Citizenship or Permanent residency. Attached hereto as Exhibit **M.** This job is a promotion from the plaintiff's current position( Development Engineer II) with the company. The defendants inability to timely adjudicate plaintiff's

application has caused enormous financial burden and emotional stress on Plaintiff's family as they have to pay high mortgages in a financially unsecure housing market and and yet are unable to advance their career in a dynamic and vibrant job market.

30. Plaintiff and his spouse have always complied with immigration and civil laws, has never been arrested or convicted of a crime and have never presented a security risk to the United States. Plaintiff has been lawfully present in the United States or over 9 years since Aug 1998. Plaintiff's spouse has been lawfully present in the United States since Dec 2004.

31. Plaintiff understands the need for a criminal record check and a security/name check clearance for applicants for permanent residence. However, Plaintiff's name check has been pending with the defendants for over two years, which is eighteen months longer than the USCIS stated maximum processing time for an I-485 application based on employment. Despite the Defendants'claim to the contrary, Plaintiff suspects that no background investigation is ongoing at this time and his case is just sitting on a shelf somewhere where it will likely remain for eternity unless this Court orders Defendants to complete the name check/security investigations in a reasonable amount of time. Plaintiff asserts that the Defendants have no legal basis for failing to proceed with this case.

32. Though no statutory deadline is imposed for adjudication of Plaintiffs' application, if Mr. Radhakrishnan is truly a security threat to the US, it behooves the USCIS to act on their application promptly so that this threat is quickly identified.

33. Plaintiff is aware that the USCIS is free to issue a decision in his case as Defendant USCIS deems legally appropriate and just. Though Defendant can deny Plaintiff's I-485 application in the exercise of its discretion, the duty to adjudicate the I-485 application is not discretionary. The Adminstrative Procedures Act(hereinafter "APA") imposes on the defendants a non-discretionary duty to complete the processing of Plaintiff's I-485 application within a reasonable time, see 5 U.S.C § 555(b). The Defendants have violated their statutory and regulatory duties owed to Plaintiff to timely adjudicate his I-485 application, which has been pending for over eighteen months beyond the USCIS maximum processing time. The delay in adjudicating this I-485 case is unreasonable.

34. Plaintiff has a clear right to have his I-485 application adjudicated in a timely manner. The adjudication of an I-485 adjustment of status application is ministerial, non-discretionary task that Defendants must perform within a reasonable period of time. See, *Nyaga v. Ashcroft*, 186 F. Supp. (11th Circ. 2002). The court in Nyaga held that although it did not have jurisdiction to order the Immigration Service to issue a decision, the court can order the Immigration Service to "adjudicate the application thoroughly and make a decision one way or another." Id. at 1253; . (*Yu v. Brown*, 36F. Supp. 2d 922, 925 (D.N.M. 1999); *Agbemaple v. INS*, No. 97 C 8457, 1988 WL 292441 (N.D. Ill. May 18, 1988)). In Yu, where petitioner sought a writ of mandumus to force INS to act on her application for lawful permanent residence two and half years after she applied, the court concluded that Yu's petition properly stated a claim for mandamus. Also in *Elkhatib v.*

*Bulger,* No. 04-22407-CIV-SEITZ/MCALILEY (S.D.F2004) court found that Respondents have a non-discretionary duty to process Petitioner's application within a reasonable period of time.

35. As of August 29, 2007, more than 2 years and 5 months after submitting all documents to USCIS, no resolution on Plaintiffs' application has been reached so he filed the initial complaint with the Rhode Island District Court. This action challenges only the defendants' timeliness in adjudication of Plaintiff's application, not the granting or denial of that application.

36. Section 202 (8 U.S.C. § 1571) of the Title II of the American Competitiveness in the Twenty-first Century Act of 2000(AC21) clearly lays down the parameters of reasonableness in immigration adjudication, stating: "...It is the sense of Congress that the processing of an immigration benefit application should be completed not later than **180 days** after the initial filing of the application.

37. In February 2007, USCIS made public, the criteria for expedited treatment of FBI name checks. While this change should help with specific cases, the status quo for FBI name check completion is unacceptable from the standpoint of national security and immigration benefits processing.

38. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements and complete the processing procedures. The Plaintiff has done everything to get his case Adjudicated but the Defendants have clearly not given the Plaintiff any form of relief.

## VII. INJURY TO PETITIONER

39. The delay has resulted in significant hardship to Plaintiff. Plaintiff Radhakrishnan has been deprived of the status of lawful permanent residence which has resulted in his incurring numerous additional expenses, including but not limited to legal expenses, USCIS filing fees, and other expenses directly related to him not having Lawful Permanent Resident Status.

40. Plaintiff is waiting and will continue to wait for a significant amount of time for a decision on his AOS application. His status in the United States has been and will continue to be uncertain. Petitioner could not plan ahead because he has not known and does not know when he becomes a permanent resident.

41. Plaintiff has lost a significant work time while pursuing his adjustment of status application, making inquiries with USCIS, meeting with lawyers, applying for yearly work authorization renewals, reporting for fingerprinting, and otherwise pursuing his delayed permanent residency.

42. Plaintiff and his spouse have to obtain yearly work authorization permits while his AOS

application is pending. Plaintiff and his spouse have to obtain advance parole document to travel abroad to meet their family. Plaintiff and his spouse had to obtain transit visa from British Embassy to merely travel via London Heathrow Airport to their home country(India) to visit family.This results in significant out-of-pocket expenses, including attorneys' fees, inconvinience and loss of wages.

43. Some universities and colleges consider a person without permanent residency to be an out-of-state resident and hence charge him or her out-of-state tuition. Due to that Plaintiff's spouse could not proceed with her educational plans.

44. Due to delays in adjudication of Plaintiff's permanent residency application, Plaintiff's naturalization(to become a U.S. Citizen) has been delayed. Therefore Defendants' unreasonable delay in adjudicating AOS application deprived Plaintiff for longer time of citizenship benefits like a right to vote and fully participate in our democracy; receive a United States passport; travel freely into and out of the United States; hold a job that is restricted to United States citizens; run for public office. Also, Plaintiff has been and will continue to be unable to petition for his family members to immigrate to the United States as immediate relatives.

45. Plaintiff rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and are being violated and will continue to be violated by Defendants' failures as described herein.

## VIII. REMEDY SOUGHT/CLAIMS FOR RELIEF

46. Plaintiff alleges and incorporates by reference Paragraphs 1-41 of the complaint.

47. Plaintiff seeks to have the Court compel Defendants Mueller and Gonzalez to conduct and complete a background check and security/name check and issue the results within 30 days.

48. Plaintiff seeks to have the Court compel the Defendants Gonzalez, and Chertoff to promptly adjudicate Plaintiff and his Spouse, Smitha Sankaran Nair's pending Form I-485, Adjustment of Status Application upon the receipt of the required background checks.

## IX. PRAYER

49. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Court:

(a) Assume jurisdiction of this cause.

(b) Compel Defendants and those acting under them to expeditiously process Plaintiff's and his spouse's I-485 Applications to conclusion within 30 days of this Court's order.

(c) Grant such other and further relief as the Court deems proper under

the circumstances; and

(d) Grant Plaintiff the right to seek reasonable fees, which covers the filing fees and time cost the Plaintiff spent to prepare the case, pursuant to the Equal Access to Justice Act.

Dated November 19, 2007

Respectfully Submitted,

Rajesh Radhakrishnan

Rajesh Radhakrishnan
**PRO SE**
49 Ballou St
Cumberland RI 02864

Telephone ( 401)401-0591
Facsimile ( 401)-276-4408
Email: rip@3ds.com