UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Rajesh RADHAKRISHNAN
Plaintiff,

v.

Department of Homeland Security, et. al

Defendants.

Civ. Act. Number: **CA-07-327S**

DECLARATION OF GENIZE X. WALKER

I, the undersigned officer of the Texas Service Center, United States Citizenship and Immigration Services, pursuant to 28 U.S.C. 1746, do hereby declare the following under the penalty of perjury:

1. I am over the age of 21 and of sound mind. I am an officer with the Texas Service Center ("TSC"), U.S. Citizenship and Immigration Services. There are five USCIS regional Service or Benefit Centers throughout the United States, each of which has jurisdiction over certain applications and petitions filed by persons or companies within its respective geographic jurisdiction, and/or exclusive nationwide jurisdiction over other types of applications.

2. The Plaintiff in this litigation has filed a Form I-485 to obtain lawful permanent resident status for himself and his spouse through Plaintiff's employment.

3. The general requirements for employment-based adjustment of status applications are that the alien (or his/her spouse) is the beneficiary of an approved 1-140 visa petition, is in lawful immigration status on the date the Form I-485 is filed, has a visa number immediately available under the annual per-country and preference category quota, and is not inadmissible to the United States under listed statutory grounds that include health-related, criminal, and national security provisions.

4. When an alien applies for adjustment of status, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for the immigration benefit and he/she is not a risk to national security or public safety. In addition to records checks against DHS's own immigration systems, these background checks currently include: (a) a Federal Bureau of Investigation (FBI) fingerprint check for relevant criminal history records on the alien (e.g., arrests and convictions); (b) a check against the DHS-managed Interagency Border Inspection System (IBIS) that contains records and "watch list" information from more than twenty federal law enforcement

and intelligence agencies, (IBIS includes, but is not limited to, information related to persons who are wanted or under investigation for serious crimes or suspected of terrorism-related activity); and (c) an FBI name check, which is run against FBI investigative databases containing information that is not necessarily revealed by the FBI's fingerprint check or IBIS check.

5. Since the terrorist attacks of September 11, 2001, the need to conduct more rigorous and thorough background checks on aliens who are seeking immigration status in the United States has required procedures that sometimes result in individuals not receiving their documents and benefits as quickly as in the past. In order to ensure national security and public safety, as well as to reduce the waiting time for adjudication and documentation of lawful status, USCIS is currently working with DOJ, DHS, and ICE to develop and implement improved procedures that will ensure that all of the background checks are completed and the results considered as quickly as possible. However, the public safety requires USCIS to make certain that the checks have been done before it adjudicates any application or petition.

6. The fingerprint check must be less than fifteen months old at the time any application or petition is adjudicated. The rescheduling of fingerprints is necessary to ensure that the case is ready to be adjudicated once the applicant's name check clears. In this case, Plaintiff's preliminary IBIS checks have been completed. Since 9/11, however, USCIS has submitted millions of name check requests to the FBI, thus taxing that agency's resources and creating a backlog in the FBI's performance of name checks.

7. I have custody of the TSC records of Plaintiff Rajesh Radhakrishnan, A98898803, EAC0511651730; A98898802, EAC0511651741, and I supervise TSC officers who are processing his application. After reviewing the information pertaining to Rajesh Radhakrishnan, I attest that in July 2005, USCIS submitted a name check request for him to the FBI. The information and records pertaining to Rajesh Radhakrishnan show that TSC officers under my supervision make regular inquiries about the status of his security screening.

8. TSC has not received the results of Rajesh Radhakrishnan's FBI name check. A response is required from the FBI regarding his name check before his application can be adjudicated.

9. The Texas Service Center currently has approximately 114,500 employment-based Form I-485 adjustments of status cases pending, about 34,549 of which are still awaiting completion of FBI name checks before they can be adjudicated. Of an additional 27,332 pending asylum-based Form I-485 adjustment of status cases, there are approximately 1,235 awaiting responses on FBI name checks. Of approximately 148,790 naturalization applications filed and pending at TSC, approximately 48,059 are awaiting responses on FBI name checks. USCIS reports that there were 329,160 applications, nationwide, awaiting responses on FBI name checks as of May 2007. Of this number, 31,144 cases have been pending name check results for more than 33 months."

Genize X. Walker
Supervisory Adjudications Officer
Texas Service Center

12-20-07
Date