DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAJESH RADHAKRISHNAN,<br>Plaintiff<br><br>v.<br><br><br>MICHAEL CHERTOFF, as Secretary of<br>DEPARTMENT OF HOMELAND<br>SECURITY, ET AL.,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-327S |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

In their motion to dismiss, defendants explained that the United States Citizenship and Immigration Service ("USCIS") is in the process of acting on plaintiff's adjustment-of-status application and that his Complaint should be dismissed because:

(1) The Immigration and Naturalization Act ("INA") § 242, (8 U.S.C. § 1252(a)(2)(B)(ii)), divests the courts of jurisdiction over suits that concern a decision or action committed to the discretion of the Attorney General or the Secretary of Homeland Security;

(2) Plaintiff cannot make the requisite showing under the mandamus statute that he has a clear right to immediate adjudication or that the defendants have a duty to act on his application within any particular time frame; and

(3) the Court is precluded from reviewing the plaintiff's claim under the Administrative Procedures Act ("APA") because the APA exempts from judicial review actions that are "committed to agency discretion by law."

Although courts have reached divergent conclusions on these issues and no appellate court has yet addressed a claim like plaintiff's, numerous courts have dismissed similar actions for lack of subject matter jurisdiction. Grinberg v. Swacina, 478 F. Supp.2d 1350, 1352 (S.D. Fla. 2007),

see Narra v. Gonzalez, 2007 WL 1959255, at *1 (D. Neb. July 3, 2007) (citing cases)(Attachment A); but see Dong v. Chertoff, 513 F. Supp.2d 1158 (N.D. Cal. 2007). Indeed, based on 8 U.S.C. § 1252(a)(2)(B)(ii)'s jurisdiction-stripping provision, this Court recently dismissed a complaint that sought the same relief plaintiff now seeks:

> Plaintiff's application for adjustment of status was filed pursuant to 8 U.S.C. § 1255. Section 1255(a) specifically confers broad discretion to grant or deny applications for adjustment of status such as that filed by Plaintiff. It thus appears that Section 1252(a)(2)(B)(ii) operates to exclude from this Court's jurisdiction any relief pursuant to 28 U.S.C. § 1361.

Rogatch v. Chertoff, 2007 WL 1160358, at *2 (D.R.I. Apr. 17, 2007) (Lisi, J.)(Attachment B).

None of the arguments that plaintiff makes in his opposition to defendant's motion refutes the conclusion that section 1255(a) specifically gives the USCIS broad discretion over adjustments of status and that consequently section 1252(a)(2)(B)(ii) strips the courts of jurisdiction over this process. Moreover, even if the Court were to conclude that section 1255(a) does not specifically grant the USCIS discretion over the adjustment process, there can be no dispute that such discretion is implied. Given this implied discretion and the absence of any statutory requirement in the INA regarding the pace of the adjustment process, the USCIS does not owe plaintiff a duty to adjudicate his application within any specific period. Therefore, because the USCIS does not owe plaintiff a nondiscretionary duty regarding the pace at which his application is processed, neither the APA nor the mandamus statute provides a basis for subject matter jurisdiction over plaintiff's claim that the USCIS is not acting fast enough.

## II. LEGAL ANALYSIS

### A. Plaintiff's Complaint Should Be Dismissed Under Rule 12(b)(1) Because 8 U.S.C. § 1252(a)(2)(B)(ii) Divests the Court of Jurisdiction.

The adjustment of plaintiff's status is expressly committed to the discretion of the Attorney General under the INA. 8 U.S.C. § 1255. Therefore, 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of subject matter jurisdiction over plaintiff's claims.[1] With respect to section 1252(a)(2)(B)(ii)'s jurisdiction-stripping language, the court in Safadi v. Howard, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006) observed, that "courts are precluded from reviewing any discretionary decision or action of USCIS" that concerns the adjustment-of-status process. Because the USCIS has commenced the adjustment process with respect to plaintiff's application and is engaged in the continuing discretionary "action" of processing his application, section 1252(a)(2)(B)(ii) prohibits judicial intervention. See Orlov v. Howard, 2007 WL 4293490, at *5-6 (D.D.C. Dec. 10, 2007)(Attachment C); Tao Luo v. Keisler, 2007 WL 3357241, at *1-2 (D.D.C. Nov. 14, 2007)(Attachment D) (reviewing cases and adopting the holding in Safadi as the "best reasoned approach"); but see Saleem v. Keisler, 2007 WL 3132233 (W.D. Wis. Oct 26,

---

[1]Section 1252(a)(2)(B) provides that, notwithstanding any other provision of law, including the mandamus statute, no court shall have jurisdiction to review:

> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1129b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of [Title 8].

8 U.S.C. § 1252(a)(2)(B).

2007)(Attachment E).

Plaintiff appears to oppose dismissal under section 1252(a)(2)(B)(ii) on four grounds. First, plaintiff argues that section 1252(a)(2)(B)(ii) does not strip the court of jurisdiction because the statute does not specifically grant the USCIS discretion regarding the pace of adjudicating applications.[2] See Tang v. Chertoff, 493 F. Supp.2d 148 (D. Mass. 2007). Contrary to plaintiff's assertion, however, defendants do not contend that merely because the adjustment process involves discretion, it is immune from judicial review.[3] Rather, section 1255(a) specifies that an applicant's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe." Section 1255(a) does not limit this grant of discretion to only

---

[2] As a threshold matter, plaintiff suggests that Fed. R. Civ. P. 12(b)(1) does not provide a basis for dismissal of his Complaint. Numerous courts, however, have granted motions to dismiss under Fed. R. Civ. P. 12(b)(1) because they lacked subject matter jurisdiction over the pace of the adjustment-of-status process. See, e.g., Rogatch, 2007 WL1160358, at *1-2; Grinberg, 478 F. Supp.2d at 1352, at 1355 ("This Court lacks jurisdiction over this matter, and the case is dismissed."); Qiu v. Chertoff, 486 F. Supp.2d 412, 416, 420 (D.N.J. 2007) ("the Court lacks mandamus jurisdiction under 28 U.S.C. § 1361"); Tao Luo, 2007 WL 3357241, at *2 n.4; Safadi, 466 F. Supp.2d 696, 698-700 (E.D. Va. 2006) ("neither the mandamus statute, nor the APA, confer subject matter jurisdiction over plaintiff's claim"); Checknan v. McElroy, 313 F. Supp.2d 270, 274 (S.D.N.Y. 2004 (granting motion pursuant to Fed. R. Civ. P. 12(b)(1)); Karan v. McElroy, 2003 WL 21209769, at *1 (S.D.N.Y May 23, 2003)(Attachment F) ("Neither the Administrative Procedure Act . . . nor the mandamus statue . . . confers subject matter jurisdiction on the court"); Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1182 (2d Cir. 1978) ("matters solely within the discretion of the INS . . . are not reviewable under . . . 28 U.S.C. § 1361); see also Davis Assoc., Inc. v. Dept. of Housing and Urban Development, 498 F.2d 385, 388 (1st Cir. 1974) ("In mandamus actions, the usually separate questions of jurisdiction and failure-to-state a claim merge. There can be no mandamus jurisdiction if no 'duty' exists on the part of the defendant.").

[3] On this point, plaintiff cites Cho v. Gonzales, 404 F.3d 96 (1st Cir. 2005) and several other cases, none of which concerns section 1255(a). Cho, for example, addresses hardship waivers under 8 U.S.C. § 1186a(c)(4). Id. at 102. Moreover, with respect to section 1252(a)(2)(B), the court made clear that the "jurisdictional questions arising from that statutory provision are many and complex, and nothing we say here should be taken to dictate answers for problems beyond the one we are addressing." Id.

the ultimate decision, but includes discretion over actions taken in the adjustment process through which the final decision is reached. See Abanov v. Gonzales, 2007 WL 2872765, at *4-5 (S.D. Tx. Sept. 28, 2007(Attachment G). Thus, according to the court in Safadi, "[t]here is no doubt that the adjustment of status process falls within subsection (ii) . . . ." Safadi, 466 F. Supp. 2d at 698. Put differently, it cannot be the case that the Attorney General has been granted discretion over the final decision, which plaintiff agrees is unreviewable, but not over the process of reaching that decision. Plaintiff's argument fails because a "holding that USCIS does not have discretion over the pace of application processing would lead to the illogical conclusion that USCIS must reach an unreviewable decision within a reviewable period of time." Zhang v. Chertoff, 491 F. Supp.2d 590, 593 (W.D. Pa., 2007).[4]

Second, plaintiff complains that there is no evidence that the USCIS has complied with 8 C.F.R. § 103.2(b)(18). Section 103.2(b)(18) addresses sensitive, ongoing investigations, not delays resulting from the name-check process. Section 103.2(b)(18) provides: "A district director may authorize withholding adjudication of a visa petition or other application if the district director determines that an investigation has been undertaken . . . and that the disclosure

---

[4] In a footnote in their opening memorandum, defendants cited 8 U.S.C. § 1252(g) as a possible alternative basis for finding that the Court lacks subject matter jurisdiction over this case. See Rogatch, 2007 WL 1160358, at *1 (quoting section 1252(g)). Plaintiff objects that section 1252(g) is applicable only to removal proceedings. See Cao v. Upchurch, 496 F. Supp.2d 569 (E.D. Pa. 2007). In Gomez-Chavez v. Perryman, 308 F.3d 796, 800 (7th Cir. 2002), however, the court of appeals applied section 1552(g)'s jurisdictional bar to an adjustment of status application. Although a removal order was pending in that case when the plaintiff filed the Form I-485 application, the court of appeals plainly stated that "§ 1252(g) bars Gomez-Chavez from obtaining an order commanding the INS to adjust status or precluding his removal . . . ." Moreover, in Mendez v. Johnson, 101 Fed. Appx. 18 (6th Cir. 2004) (unpublished), the court of appeals made clear that "[b]ecause Mendez's [habeas] petition asks the court to review the Attorney General's discretionary decisions relating to the adjudication of Mendez's I-485 application, §1252(g) precludes consideration of his petition."

of information to the applicant or petitioner in connection with the adjudication of the application or petition would prejudice the ongoing application." Section 103.2(b)(18) does not purport to set forth the USCIS's exclusive procedure for withholding a final decision on an adjustment-of-status application and has no direct bearing on this case. Section 103.2(b)(18) is relevant here only as an example of the USCIS's discretionary authority over the processing of adjustment-of-status applications. See Qiu, 486 F. Supp.2d at 418-19; see also Zahani v. Neufeld, 2006 WL 2246211, at *2 (M.D. Fla. 26, 2006)(Attachment H) (stating "it is clear that 8 C.F.R. § 103.2(b)(18) provides USCIS with discretion to withhold adjudication of the adjustment of status application"); but see Dong, 513 F. Supp.2d at 1167-68.

Third, plaintiff's reliance on Iddir v. INS, 301 F.3d 492 (7th Cir. 2002) is misplaced. The issue in Iddir was whether or not section 1252(a)(2)(B)(i) stripped the court of jurisdiction over a nondiscretionary, final decision by the INS. Id. at 497-98. Specifically, the Seventh Circuit held that the procedural denial of a visa lottery application was nondiscretionary and therefore outside the scope of section 1252(a)(2)(B)(i). Id.; see Rivera-Durmas v. Chertoff, 456 F. Supp.2d 943, 950 (N.D. Ill. 2006). Iddir involved a "narrow inquiry" and did not address whether or not courts have subject matter jurisdiction over the pace of the I-485 adjustment process under section 1252(a)(2)(B)(ii). Iddir, 301 F.3d at 497 n.1.

In Iddir, the appellants applied for permanent resident visas through the Diversity Visa Lottery Program. Iddir, 301 F.3d at 495. The INS waited until after the prescribed time period to hear the plaintiffs' petitions for adjustment of status and then summarily denied the petitions, not on the merits, but on the ground that the time within which the petitions were to be heard had expired. Id. at 495. The court's jurisdictional decision hinged on the fact that the INS's denial

had been statutorily mandated, rather than discretionary. Thus the court concluded that the denial was not covered by section 1252(a)(2)(B)(i). Id. at 497-98 (citing Paunescu v. INS, 76 F. Supp.2d 896 (N.D. Ill. 1999), which also addressed 8 U.S.C. § 1252(a)(2)(B)(i)). Iddir stands for the proposition that, with respect to final agency decisions, section 1252(a)(2)(B) bars review of discretionary determinations as opposed to nondiscretionary ones. Because plaintiff's Complaint concerns the discretionary pace of the adjustment process rather than a nondiscretionary final decision, Iddir is inapposite.

Fourth, plaintiff argues that defendants have a duty to adjudicate his application. Indeed, several courts have concluded that the INA and its implementing regulations impose a duty to adjudicate properly filed applications. See, e.g., Cao v. Upchurch, 496 F. Supp.2d 569, 575-75 (E.D. Pa. 2007). Other courts, however, have found to the contrary. In Qiu v. Chertoff, 486 F. Supp.2d 412, 417 (D. N.J. 2007), for example, the court was "not persuaded by those cases which have held that immigration officials have a non-discretionary duty to adjudicate I-485 applications." See Li v. Gonzales, 2007 WL 1303000, at *4 (D.N.J. May 3, 2007)(Attachment I)(same).

In any event, the defendants have neither refused to adjudicate plaintiff's application nor abandoned it. Plaintiff himself concedes that "USCIS has not refused to act. It has already set in motion some of the processing required." (Pl.'s Mem. at 19.) The USCIS is processing plaintiff's application, has requested an FBI name check, and has notified plaintiff of the status of his application. Moreover, the USCIS periodically checks on the status of plaintiff's name check and recently requested additional information from plaintiff regarding his Tuberculosis test. (See Second Amended Compl., Ex. J.) Therefore, even if the Court were to accept that the UCIS has

a duty to process adjustment-of-status applications, plaintiff's case does not implicate that duty. See Safadi, 466 F. Supp.2d at 700; see also Maftoum v. Chavez, 2007 WL 3203850, at *4 n.11 (E.D. Mich. 2007 Oct. 31, 2007)(Attachment J); Li v. Chertoff, 482 F. Supp.2d 1172, 1178 (S.D. Cal. 2007) ("[A]s long as USCIS is making reasonable efforts to complete the adjudication, the pace required to complete that process is committed to USCIS's discretion."); Keane v. Chertoff, 419 F. Supp.2d 597, 600 (S.D.N.Y. 2006).

**B. The Court Lacks Subject Matter Jurisdiction To Grant Plaintiff's Request for Relief Under the APA or 28 U.S.C. § 1361.**

Contrary to plaintiff's assertions, neither the APA nor the mandamus statute supercedes 8 U.S.C.§ 1252(a)(2)(B), which specifically precludes judicial review "notwithstanding any other provision of law." Thus, in light of section 1252(a)(2)(B), neither the APA nor the mandamus statute can confer jurisdiction on the Court to address plaintiff's claims. Luo, 2007 WL 3357241, at * 2 n.4; see Grinberg, 478 F. Supp.2d at 1355 (the APA itself precludes judicial review of the adjustment of status process when it provides "[t]his chapter applies . . . except to the extent that statutes preclude judicial review"); Safadi, 466 F. Supp.2d at 700. Moreover, even if 8 U.S.C. § 1252(a)(B)(ii) did not divest the Court of jurisdiction, the Court would still lack jurisdiction to grant plaintiff's request for relief under the APA or the mandamus statute.

**1. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's APA Claim.**

Plaintiff's APA claim fails because the APA exempts from judicial review an agency action "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). As the Supreme Court explained in Norton v. So. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004), "the only agency

action that can be compelled under the APA is action legally required. This limitation appears in § 7061(1)'s authorization for courts to 'compel agency action unlawfully withheld.' " The Supreme court further noted that although the APA also provides jurisdiction to compel agency action "unreasonably delayed," a delay "cannot be unreasonable wioth respect to action that is not required." Id. at 63 n.1.

Citing Norton and Safadi, this Court in Rogatch concluded that it lacked subject matter jurisdiction to hear the plaintiff's APA claim because the pace of the adjudication process is discretionary. Rogatch, 2007 WL 1160358, at *2; see Orlov, 2007 WL 2493490, at * 7-8 ("This Court therefore finds that Congress clearly intended to leave the pace of processing adjustment applications within the discretion of USCIS . . . ."); Li v. Chertoff, 482 F. Supp.2d 1172, 1178 (S.D. Cal. 2007), but see Tang, 493 F. Supp.2d at 155; Saleh v. Ridge, 367 F. Supp.2d 508, 512 (S.D.,N.Y. 2005). Neither plaintiff nor the courts that have found jurisdiction satisfactorily address Norton's clear pronouncements or the fact that the USCIS has discretion over the pace of the adjudication process.[5] Indeed, in Tang, upon which plaintiff relies, the court acknowledged that section 1255(a) implicitly provides the USCIS with discretion over the pace of the adjustment process: "Of course, 8 U.S.C. § 1255(a)'s express grant of discretionary authority to grant or deny adjustment of status implies the process and its sub-decisions." Tang, 493 F. Supp.2d at 153 n.2 (emphasis added). Thus, because the pace of processing applications clearly is within the discretionary authority of the USCIS, "the APA does not provide jurisdiction for

---

[5] Plaintiff cites the D.C. Circuit's "hexagonal standard" for assessing the reasonableness of agency delay. TRAC v. FCC, 750 F.2d 70, 80 (D.C. Cir 1984). TRAC, however, is not relevant here because the pace at which the USCIS conducts the adjudication process is discretionary and therefore not subject to the APA's reasonableness requirement. See Norton at 63 n.1.

this Court to review plaintiff's claim." Orlov, 2007 WL 2493490, at * 8.

### 2. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Mandamus Claim.

As with plaintiff's APA claim, his claim for mandamus relief under section 1361 also fails. Plaintiff cannot make the requisite showing that defendants owe him a clear nondiscretionary duty with respect to the pace of the adjudication process. See Safadi, 466 F. Supp.2d at 700; Saleh, 367 F. Supp.2d at 511 (citation omitted).[6] "No statute or regulation specifies a time period within which CIS must act." Mustafa v. Pasquerell, 2006 WL 488399, at *4 (W.D. Tex. Jan. 10, 2006)(Attachment K). In contrast to the statute governing naturalization applications, which allots the USCIS 120 days in which to make a naturalization determination after an examination is completed, neither section 1255(a) nor its corresponding regulations provides a time frame in which adjustment-of-status applications must be adjudicated. Compare 8 U.S.C. § 1255 with 8 U.S.C. §1447(b). Plainly, had Congress intended to impose a duty on the USCIS to adjudicate adjustment-of-status applications within a specific period of time, Congress would have set a statutory time limit as it did in section 1447(b). See Orlov, 2007 WL 4293490, at *4.

Unable to cite any statutory authority for the contention that defendants must process his application within a specific time, plaintiff asserts that they have an overarching duty to act on the application. Again, however, whether or not defendants have a duty to act on plaintiff's

---

[6] Saleh concerned an adjustment application that had been pending for almost five years. Saleh, 367 F. Supp.2d at 513. In finding jurisdiction under the APA, the court did not consider Norton or address whether the USCIS has discretion over the pace of the adjustment process. Ultimately, the court in Saleh granted the defendant's motion for summary judgment on the ground that the delay was not unreasonable. Id.

application is not germane because defendants are in fact processing his application and will adjudicate his status after the results of his name check are received.

## IV. CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motion to dismiss be granted.

Respectfully submitted,

MICHAEL CHERTOFF, Secretary of
Department of Homeland Security, et. al.
Defendants

By their Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Richard B. Myrus
RICHARD B. MYRUS
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
Email: richard.myrus@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of January, 2008, I electronically filed the within Reply Memorandum with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice by postage prepaid mail.

Rajesh Radhakrishnan
49 Ballou Street
Cumberland, RI 02864

/s/ Richard B. Myrus
RICHARD B. MYRUS
Assistant U.S. Attorney