Rogatch v. Chertoff
D.R.I.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Rhode Island.
Vasili ROGATCH
v.
Michael CHERTOFF, et al.
**No. CA 06-541ML.**

April 17, 2007.

Vasili Rogatch, Cranston, RI, pro se.
Adi Goldstein, U.S. Attorney's Office, Providence, RI, for Michael Chertoff, et al.

*MEMORANDUM AND ORDER*

MARY M. LISI, Chief U.S District Judge.

***1** This matter is before the Court on Defendants' Motion to Dismiss for lack of jurisdiction. For the reasons set forth below, the Motion is granted.

*I. Facts*[FN1]

FN1. For purposes of deciding this Motion, the Court takes as true all factual averments set forth by Plaintiff in his Complaint.

Plaintiff has resided legally in the United States since March 2002. On or about March 16, 2004, Plaintiff filed a form I-485 Application to adjust status to permanent residency based on employment. At the same time, Plaintiff filed an immigrant petition for alien worker; that petition was approved on September 24, 2004. Plaintiff was fingerprinted in connection with his I-485 application in December 2004.

Plaintiff has contacted the United States Citizenship and Immigration Service (USCIS) numerous times beginning in April 2005 to determine the status of his application. Plaintiff states that he was informed by the USCIS that the processing of his application was delayed pending the required FBI background check. Concerned that there might be a "record" in the FBI system that was causing the delay, Plaintiff filed a FOIA request with the FBI. He learned that there were no records responsive in his FOIA request.

Plaintiff filed his Complaint in this Court *pro se* on December 13, 2006. Plaintiff states that he "challenges only the Defendants' timeliness in adjudication of Plaintiff's application [for adjustment of status], not the granting or denial of that application."In his prayers for relief, however, Plaintiff also seeks an order from this Court compelling Defendants "to adjudicate Plaintiff's application with or without name check clearance from FBI."

As of December 2006, the USCIS had not adjudicated his application. Plaintiff contends that the failure to act on his application has resulted in delays in the processing of Adjustment Status applications for his beneficiaries, and financial losses associated with filing for extensions of work and travel authorizations.

Plaintiff seeks relief pursuant to the APA, 5 U.S.C. § 555(b) and also petitions the Court to issue a writ of mandamus pursuant to 28 U.S.C. § 1361.

*II. Discussion*

The government points to two provisions of the Immigration and Nationality Act which it argues precludes an exercise of this Court's jurisdiction over Plaintiff's claims. Sections 1252(a)(2)(B)(i) and (ii) of Title 8, entitled "Matters not subject to judicial review," "Denials of discretionary relief" provide in relevant part:

"Notwithstanding any other provision of law (statutory or non-statutory) including Sections 1361 and 1651 of ... Title [28] ..., no court shall have jurisdiction to review-(i) any judgment regarding the granting of relief under section ... 1255 of this title,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment B

or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security ..."

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

***2** Plaintiff's application for adjustment of status was filed pursuant to 8. U.S.C. § 1255. Section 1255(a) specifically confers broad discretion to grant or deny applications for adjustment of status such as that filed by Plaintiff. It thus appears that Section 1252(a)(2)(B)(ii) operates to exclude from this Court's jurisdiction any relief pursuant to 28 U.S.C. § 1361.

Plaintiff's claim for relief under the APA fares no better. In *Norton v. So. Utah Wilderness Alliance,* 542 U.S. 55 (2004), the Supreme Court held that "the only agency action that can be compelled [under Section 706(1) ] of the APA is action that is legally required."*Id.* at 63.Where, as here, the agency action is purely discretionary, with no statutory or regulator/ time-frame in place, there can be no "discrete agency action that it is required to take."*Id.* at 64.

As further support, the Government points to Section 701(a)(2) of the APA which expressly exempts "agency action ... committed to agency discretion by law. *See, Safadi v. Howard,* 2006 WL 3780417 (E.D.Va. Dec. 20, 2006) (holding that both mandamus and APA allegations are outside the jurisdiction of the district court.)

### *III. Conclusion*[FN2]

FN2. The Court notes that Plaintiff has also filed a Motion for Leave to File a First Amended Complaint. In his proposed First Amended Complaint, Plaintiff adds a claim for Declaratory Judgment pursuant to 28 U.S.C. § 2201. The government objects for the same reasons advanced in its Motion to Dismiss, i.e., the Court's lack of subject matter jurisdiction. The Court finds that it is precluded from considering Plaintiff's claim for a declaratory judgment. Accordingly, his Motion for Leave to File a First Amended Complaint must be denied.

White the Court may be sympathetic to Plaintiff's frustration with the length of time his application has been pending without action, this Court is without jurisdiction to grant him any relief. In short, he can do no more than be patient while he awaits an answer to his application. For the reasons set forth above, the Complaint is DISMISSED.

SO ORDERED.

D.R.I.,2007.
Rogatch v. Chertoff
Not Reported in F.Supp.2d, 2007 WL 1160358 (D.R.I.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.