C
Tao Luo v. Keisler
D.D.C.,2007.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
TAO LUO, et al., Plaintiffs,
v.
Peter D. KEISLER [FN*], et al., Defendants.
**Civil No. 07-0395(RJL).**

Nov. 14, 2007.

**Background:** Aliens, citizens of China, brought action to compel United States immigration authorities to adjudicate their pending applications to adjust their status to lawful permanent residents. Government moved to dismiss.

**Holding:** The District Court, Richard J. Leon, J., held that court lacked jurisdiction to review the delay in processing aliens' application.

Motion granted.

**Aliens, Immigration, and Citizenship 24 ⇐385**

24 Aliens, Immigration, and Citizenship
24V Denial of Admission and Removal
24V(G) Judicial Review or Intervention
24k385 k. Jurisdiction and Venue. Most Cited Cases
Word "action" in jurisdiction-stripping statute included the pace at which immigration authorities processed aliens' applications for adjustment of status to lawful permanent resident, such that district court lacked jurisdiction to review the delay in processing the application. Immigration and Nationality Act, §§ 242(a)(2)(B)(ii), 245(a), 8 U.S.C.A. §§ 1252(a)(2)(B)(ii), 1255(a).

Philip M. Dearborn, III, Piliero, Mazza & Pargament, PLLC, Washington, DC, Charles H. Kuck, Kuck Casablanca, LLC, Atlanta, GA, for Plaintiffs.
Sherease Louis, U.S. Attorney's Office, Washington, DC, for Defendants.

***MEMORANDUM OPINION***

RICHARD J. LEON, District Judge.

Plaintiffs, Tao Luo, his wife Peng He, and their minor child Mengming Luo, bring this action to compel defendants, the Department of Homeland Security ("DHS"), the United States Customs and Immigration Services ("USCIS"), and the Federal Bureau of Investigation ("FBI"), to approve pending Form I-485 applications for adjustment of status to become lawful permanent residents. Currently before this Court is defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the following reasons, the Court GRANTS defendants' motion.

**BACKGROUND**

Plaintiffs, nationals and citizens of China, filed the Complaint in this action on February 23, 2007, seeking to compel defendants to adjudicate plaintiffs' Form I-485 Application to Adjust Status to Permanent Resident (the "Application" or "Form I-485"). (Compl.¶¶ 2, 7.) The Application, filed on August 12, 2004, with the Vermont Service Center, USCIS, remains pending, as plaintiffs' national security background checks and plaintiff Tao Luo's name check have not been completed.[FN1](*Id.* ¶ 10; Mot. Dismiss at 2.) Plaintiffs claim that defendants have unreasonably delayed and have refused to adjudicate plaintiffs' Form I-485 applications. (Compl. ¶ 16.)

**ANALYSIS**

***I. Legal Standards***

Under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence."*Lindsey v. United States,* 448 F.Supp.2d 37, 42 (D.D.C.2006) (quoting *Erby v. United States,* 424 F.Supp.2d 180, 182 (D.D.C.2006))."The [C]ourt, in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment D

turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."*Id.* at 42-43 (alteration in original) (quoting *Abu Ali v. Gonzales,* 387 F.Supp.2d 16, 17 (D.D.C.2005)).

***II. Subject Matter Jurisdiction under the Immigration and Nationality Act***

The Immigration and Nationality Act ("INA") grants exclusive discretion to the Attorney General FN2 to adjudicate adjustment of status applications.FN38 U.S.C. § 1255(a). Specifically, the statute provides that "no court shall have jurisdiction to review ... any judgment regarding the granting of relief of an adjustment of status" or "any other *decision or action* of the Attorney General or the Secretary of Homeland Security [that is] in the discretion of the Attorney General or the Secretary of Homeland Security."8 U.S.C. § 1252(a)(2)(B) (emphasis added). Defendants argue that this provision, 8 U.S.C. § 1252(a)(2)(B)(ii), divests this Court of subject matter jurisdiction because it commits the entire application process to the discretion of the Attorney General. Plaintiffs argue that the application process itself is not a "decision or action," and therefore, the discretion of the Attorney General does not extend to the timing of application processing.

Courts addressing this issue of whether § 1252(a)(2)(B)(ii) applies to the pace of processing adjustment of status applications have reached different conclusions. Some, for example, have concluded for a variety of reasons that federal courts have no jurisdiction to review the pace at which adjudication occurs. *See, e.g., Serrano v. Quarantillo,* 2007 WL 1101434, at *3 (D.N.J. Apr.9, 2007) (holding that "[b]ecause the pace of processing an adjustment application comprises a part of USCIS's 'action,' and because USCIS has discretion over such actions, there is no jurisdiction over plaintiff's complaint"); *Li v. Chertoff,* 482 F.Supp.2d 1172, 1178 (S.D.Cal.2007) (holding that "as long as USCIS is making reasonable efforts to complete the adjudication, the pace required to complete that process is committed to USCIS's discretion"); *Grinberg v. Swacina,* 478 F.Supp.2d 1350, 1353 (S.D.Fla.2007) (holding that Congress intended to include the pace of processing an adjustment of status application within the Attorney General's discretionary function). Others, for a variety of reasons, have concluded the opposite. *See, e.g., Koren v. Chertoff,* 2007 WL 1431948 at *4 (D.Conn. May 14, 2007) (holding that committing the pace of adjudicating adjustment applications to the Attorney General's discretion, such that the entire process is out of the court's jurisdiction, is contrary to the general presumption in favor of judicial review); *Dmitriev v. Chertoff,* No. 06-07677, 2007 WL 1319533 at *3 (N.D.Cal. May 4, 2007) (holding that "action" refers to the specific decision to grant or deny an application, not the entire process of reviewing an application); *Linville v. Barrows,* 2007 WL 1544118, at *3 (W.D.Okla. Apr.19, 2007) (holding that § 1252(a)(2)(B)(ii) does not preclude the court's jurisdiction because the timeliness of the process of adjudicating an adjustment application is not discretionary). For the following reasons, this Court finds that the analysis applied by Judge Ellis of the Eastern District of Virginia to dismiss a recent case for lack of jurisdiction is the best-reasoned approach and adopts that holding here. *See Safadi v. Howard,* 466 F.Supp.2d 696, 699 (E.D.Va.2006).

In *Safadi,* Judge Ellis first found that the plain meaning of the word "action" in § 1252(a)(2)(B)(ii) includes any acts within the adjustment of status process (not just the final determination), including the completion of background and security checks and the pace at which the process proceeds.*Safadi,* 466 F.Supp.2d at 699 (noting definition of "action" is "an act or series of acts") (citing Black's Law Dictionary 28 (6th ed.1990)). Moreover, he concluded that limiting the term "action" to encompass only a final decision "fails as it would impermissibly render the word 'action' superfluous" in the phrase "decision or action." *Id.* at 700.

Further, Judge Ellis found that the absence of statutory time limits imposed by Congress suggests that Congress intended to include the pace of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

process as part of its broad grant of discretion to the Attorney General in such matters. *Id.* at 699."If Congress had intended for the pace of adjudication of adjustment applications to be subject to judicial review, it could have expressly offered a standard with which to measure the lapse of time."*Zhang v. Chertoff,* 2007 WL 1753538, at *4 (W.D.Va. Jun.19, 2007) (citing *Grinberg v. Swacina,* 478 F.Supp.2d 1350, 1352 (S.D.Fla.2007) (same)). Finally, and most importantly, the *Safadi* court noted that given the national security implications of immigration regulation, the broad discretion afforded the Attorney General permits the agency to adjudicate applications *only* after conducting a careful and thorough investigation. *See Safadi,* 466 F.Supp.2d at 701.Thus, in this context, the Court's insertion into that process would be inappropriate and could be detrimental to national security.

As such, because the pace of processing a status application constitutes an "action" within the meaning of the INA, it is unreviewable by this Court. Accordingly, plaintiffs' complaint is DISMISSED for lack of subject matter jurisdiction.[FN4]

## CONCLUSION

For all of the foregoing reasons, this Court GRANTS defendants' motion to dismiss. An appropriate Order consistent with this ruling accompanies this Memorandum Opinion.

FN* Pursuant to Federal Rule of Civil Procedure 25(d)(1), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a defendant in this case.

FN1. Plaintiff Peng He's name check was completed on March 3, 2005. (Mot. Dismiss at 2.)

FN2. Although the text of § 1255(a) gives the Attorney General the authority to adjudicate adjustment of status applications, that authority has been transferred to the Secretary of Homeland Security and his delegate in USCIS. *See*6 U.S.C. § 271(b)(5); 6 U.S.C. § 557.

FN3.8 U.S.C. § 1255(a) provides that "[t]he status of an alien ... may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence."8 U.S.C. § 1255(a) (emphasis added).

FN4. It is important to note that the other statutes invoked by plaintiffs cannot confer jurisdiction upon this Court to address plaintiffs' claims. First, the INA specifically precludes judicial review "notwithstanding any other provision of law,"§ 1252(a)(2)(B). Moreover, mandamus relief pursuant to 28 U.S.C. § 1361 is available only if defendant owes plaintiff a "clear nondiscretionary duty," *Ganem v. Heckler,* 746 F.2d 844, 852 (D.C.Cir.1984); *see also Kaur v. Chertoff,* 489 F.Supp.2d 52, 64-65 (D.D.C.2007), and, because § 1255(a) prescribes no time limits for review of adjustment of status applications, defendants owe no such duty to plaintiffs. *Safadi,* 466 F.Supp.2d at 700.Additionally, plaintiffs' claims pursuant to the APA fail because that statute exempts from judicial review an agency action "committed to agency discretion by law."5 U.S.C. § 701(a)(2). Finally, the federal question statute, 28 U.S.C. § 1331, cannot confer subject matter jurisdiction because a specific statutory bar on jurisdiction defeats a general grant of jurisdiction. *See Safadi,* 466 F.Supp.2d at 700 (quoting *Danilov v. Aguirre,* 370 F.Supp.2d 441, 445 (E.D.Va.2005)).

D.D.C.,2007.
Tao Luo v. Keisler
521 F.Supp.2d 72

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.