Karan v. McElroy
S.D.N.Y.,2003.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Pathmanathan KARAN Plaintiff,
v.
Edward J. MCELROY, District Director, Immigration & Naturalization Service, and Lara C. Brainard, District Adjudication Officer, Immigration & Naturalization Service, Defendants.
**No. 02 Civ. 6678(JGK).**

May 23, 2003.

Visuvanathan Rudrakumaran, Esq., New York, NY, for plaintiff.
James Loprest, Special Assistant U.S. Attorney, New York, NY, for defendants.

*ORDER*

KOELTL, J.

***1** The plaintiff filed the present action seeking declaratory relief and a writ "in the Nature of a Mandamus to Instruct Defendants to Adjust the Plaintiff's Status to Permanent Residency."The defendants filed a motion to dismiss the plaintiff's Amended Complaint on January 16, 2003, and the plaintiff failed to respond to the defendants' motion. The Court issued an Order directing the plaintiff to indicate by March 26, 2003 whether the plaintiff intended to respond to the defendants' motion and noting that the failure to respond to the defendants' motion would result in the motion being granted by default. The plaintiff failed to respond to the Court's order and the defendants' motion could be granted on default.

In any event, the Court has reviewed the papers and has concluded that the motion should also be granted on the merits. The well-pleaded complaint rule requires that a complaint invoking federal question jurisdiction assert the federal question as part of the plaintiff's claim. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987). There is no subject matter jurisdiction pursuant to any of the federal statutes cited by the plaintiff, namely the Administrative Procedure Act (the "APA"), the mandamus statute, the declaratory judgment statutes, 8 U.S.C. § 1329, or the federal question statute to grant the relief the plaintiff seeks-an order requiring the defendants to adjust the plaintiff's immigration status to permanent residency. Therefore, the plaintiff's Amended Complaint is dismissed for lack of subject-matter jurisdiction.

Neither the Administrative Procedure Act, 5 U.S.C. § 701*et seq* ., nor the mandamus statute, 28 U.S.C. § 1361, confers subject matter jurisdiction on the Court. The decision whether or not to change an applicant's immigration status is a decision delegated to the discretion of the Immigration and Naturalization Service (the "INS").*SeeI.N.S. v. Miranda,* 459 U.S. 14, 19 (1982); *Dhine v. Slattery,* 3 F.3d 613, 619 (2d Cir.1993); *Yeung v. Reno,* 868 F.Supp. 53, 59 (S.D.N.Y.1994). Mandamus relief may not be ordered pursuant to 28 U.S.C. § 1361, if the defendant does not owe the plaintiff a clear non-discretionary duty. *SeeHeckler v. Ringer,* 466 U.S. 602, 616 (1984); *Work v. United States ex rel. Rives,* 267 U.S. 175, 177 (1925). Similarly, the APA prohibits judicial review of decisions committed to an agency's discretion. 5 U.S.C. § 701(a)(2). Consequently, because decisions regarding the plaintiff's immigration status are committed to the discretion of the INS, this Court lacks the authority under either the mandamus statute or the APA to grant the relief the plaintiff seeks. *SeeZheng v. Reno,* 166 F.Supp.2d 875, 880-81 (S.D.N.Y.2001).

The declaratory judgment statutes, 28 U.S.C. §§ 2201-2202 are not an independent basis for subject matter jurisdiction in the district courts and do not confer subject matter jurisdiction upon this Court. *SeeFleet Bank Nat'l Assoc. v. Burke,* 160 F.3d 883, 886 (2d Cir.1988); *Zheng,* 166 F.Supp.2d at 878.

***2** In addition, 8 U.S.C. § 1329 specifically provides that it shall not be "construed as providing

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment F

jurisdiction for suits against the United States or its agencies or officers."8 U.S.C. § 1329. Consequently, this statute cannot provide subject matter jurisdiction over this action. *SeeCordoba v. McElroy,* 78 F.Supp.2d 240, 242 (S.D.N.Y.2000).

Finally, the federal question statute, 28 U.S.C. § 1331, standing alone, also does not confer subject matter jurisdiction, because the statute only provides for jurisdiction in district courts over claims that themselves "arise under" some other relevant federal Constitutional or statutory provision. *See* 28 U.S.C. § 1331; *Kupferberg v. I.N.S.,* No. 99 Civ. 0507, 1999 WL 1627350, at *1 (S.D.N.Y. July 7, 1999). Because the plaintiff's complaint fails to allege that the relief sought arises under the Constitution, and because the relief requested by the plaintiff plainly may not be granted by the federal statutes that the plaintiff does cite in the Amended Complaint, the federal question statute by itself does not give this Court subject matter jurisdiction to order the INS to change the plaintiff's residency status. *Seeid.*

Even if this Court had jurisdiction over this action, there is no basis to grant the relief the plaintiff seeks.[FN1]As an initial matter, the plaintiff may not obtain an adjustment of his status because the plaintiff does not have an "immediately available" immigrant visa, a precondition to any status adjustment. *SeeSpata v. I.N.S.,* 442 F.2d 1013, 1014-15 (2d Cir.1971) (per curiam).

FN1. The Court may consider documents that are referenced in the Complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff' possession or the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken.*Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002); *see alsoBrass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *Cortec Indus., Inc. v. Sum Holding L .P.,* 949 F.2d 42, 47-48 (2d Cir.1991); *Vtech Holdings Ltd. v. Lucent Techs., Inc.,* 172 F.Supp.2d 435, 437 (S.D.N.Y.2001)."[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it relies and which is integral to the complaint, the court may nonetheless take the document into consideration in deciding the defendant[s'] motion to dismiss, without converting the proceeding to one for summary judgment." *Int'l Audiotext Network. Inc. v. AT & T Co.,* 62 F.3d 69, 72 (2d Cir.1995) (internal citation and quotation marks omitted); *seeYucyco, Ltd. v. Republic of Slovenia,* 984 F.Supp. 209, 215 (S.D.N.Y.1997). In this case, the contents of the administrative record are undisputed, are relied upon by the plaintiff in framing the Amended Complaint, and portions were attached to the Amended Complaint. Therefore, the administrative record may be examined in evaluating the defendants' motion to dismiss. *SeealsoSt. George v. Bintz,* No. 00 Civ. 1439, 2003 WL 1562240, at *2 n. 7 (N.D.N.Y. March 25, 2003) (considering administrative record on motion to dismiss habeas petition brought against INS and collecting cases). The defendants have attached the relevant portions of the administrative record in the declaration of F. James Loprest dated January 16, 2003.

In addition, there are valid bases to allow the defendants to take additional time reviewing the plaintiff's application for adjustment of status. The plaintiff delayed in submitting several documents that the INS requested. (*See* Amended Compl. ¶ 8(d).) The plaintiff also failed to disclose his prior criminal record when asked to do so in his adjustment application. (*See* Exh A. of Decl. of F. James Loprest ("Loprest Decl.") dated Jan. 16, 2003 at 13.) Finally, the plaintiff's immigration history suggests that further investigation of the plaintiff's background is necessary, including the fact that the plaintiff attempted to enter the United States under false pretenses. (*Seeid.* at 34-35.)These facts suggest that the INS has valid bases for extended consideration of the plaintiff's adjustment application.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

In any event, there is no federal statute or regulation requiring that the plaintiff's status application be adjudicated in a certain mandatory time period, and therefore there is no basis to grant the plaintiff the relief he seeks for an alleged failure by the defendants to process his application more expeditiously. *SeeAlomari v. Reno,* No. 97 Civ. 6837, 1997 WL 724815, at *2 (S.D.N.Y. Nov. 19, 1997).

CONCLUSION

For the reasons explained above, the defendants' motion to dismiss the plaintiff's Amended Complaint is granted. The Clerk is ordered to dismiss the Amended Complaint and to close the case.

***3** SO ORDERED.

S.D.N.Y.,2003.
Karan v. McElroy
Not Reported in F.Supp.2d, 2003 WL 21209769 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.