C
Abanov v. Gonzales
S.D.Tex.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. Texas,Houston Division.
Artem G. ABANOV, Plaintiff
v.
Alberto GONZALES, et al., Defendants.
**Civil Action No. H-06-3725.**

Sept. 28, 2007.

Artem G. Abanov, College Station, TX, pro se.
Fred Turner Hinrichs, U.S. Attorney's Office, Houston, TX, for Defendants.

***OPINION & ORDER***

MELINDA HARMON, United States District Judge.

*1 Plaintiff, Artem Abanov ("Abanov"), brings this action against Defendants, Alberto Gonzales, Attorney General of the United States, Michael Chertoff, Secretary of the Department of Homeland Security, Eduardo Aguirre, Director of the United States Citizenship and Immigration Services of the Department of Homeland Security ("USCIS"), Evelyn Upchurch, Director of the Texas Service Center ("TSC") of the USCIS, and Robert S. Mueller, Director of the Federal Bureau of Investigation ("FBI"). Pending before the court is Defendants' motion to dismiss and memorandum of law in support (Doc.10). Abanov, proceeding *pro se,* has filed a response (Doc.12). For the reasons that follow, the court ORDERS that Defendants' motion to dismiss is GRANTED.

I. *Background*

Abanov and his wife [FN1] have been waiting over three years for USCIS to complete the processing of their Form I-485 applications for permanent resident status (hereafter "Form I-485's"). In July 2003, USCIS approved Abanov's application for an I-140, Immigrant Petition for Alien Worker as an Alien of Extraordinary Ability.[FN2](Pl.'s Compl. ¶ 9, Doc. 1). On October 14, 2003, Abanov filed his adjustment of status application. (*Id.* ¶ 10).

FN1. Abanov's wife is not a party to this action. Nor does Abanov purport to represent her. Nevertheless, her application is inexorably intertwined with his own.

FN2. An alien fits within this preferential category if he or she meets the following statutory definition: (1) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation [or is an "outstanding professor or researcher"]; (2) the alien seeks to enter the United States to continue work in the area of extraordinary ability; and (3) the alien's entry into the United States will substantially benefit prospectively the United States. 8 U.S.C. § 1153(b)(1)(A). "Extraordinary ability" is defined as "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor."8 C.F.R. § 204.5(h)(2)."A petition for an alien of extraordinary ability must be accompanied by evidence that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise."8 C.F.R. § 204.5(h)(3). Extensive documentation is required. It is unsurprising, therefore, that the visa classification for extraordinary ability is an "extremely restrictive" one. *See Lee v. Ziglar,* 237 F.Supp.2d 914, 919 (N.D.Ill.2002).

Abanov submitted fingerprints on February 6,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment G

2004, October 8, 2005, and April 15, 2006. (*Id.* ¶ 9).FN3 On September 1, 2005, Abanov received a request for additional evidence, which he sent on October 7, 2005. (*Id.* ¶ 10).FN4

FN3. The court notes that this paragraph was misnumbered in the original.

FN4.*See* note 3, *supra.*

In March 2006, Abanov requested a status update and was told that his application was delayed due to background checks. (*Id.* ¶ 11). He was told to contact the agency again in six months. (*Id.*). In September 2006, Abanov again requested an update and received the same response. (*Id.* ¶ 12).

On November 24, 2006, Abanov filed the current suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking to have Defendants complete the adjudication of his adjustment of status application.FN5 Defendants have moved to dismiss, arguing the court lacks subject-matter jurisdiction because the adjudicatory process, including the length of the process, is within the discretion of the USCIS and not amenable to review.

FN5. Abanov's original complaint seeks an order requiring Defendants to approve his application, but his amended complaint requests only that the court compel Defendants to make a decision. (Pl.'s Resp. ¶¶ 61 & 62, Doc. 12). To the extent Abanov seeks to amend his complaint, that motion (Doc. 13) is granted.

II. *Legal Standard under Rule 12(b)(1)*

A party may move to dismiss for lack of subject matter under Fed.R.Civ.P. 12(b)(1)."A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."*Krim v. pcOrder.com, Inc.,* 402 F.3d 489, 494 (5th Cir.2005)."Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."*Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). A district court may weigh the evidence and resolve factual disputes to ensure that it is has the power to hear the case. *Krim,* 402 F.3d at 494. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.*

III. *Relevant Statutes*

A. Adjustment of Status

***2** The adjustment of status of persons seeking admission to the United States is governed by Section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255. This statute provides, in relevant part, that

[t]he status of an alien who was inspected and admitted or paroled into the United States ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). The Attorney General's authority has since been transferred to the Secretary of Homeland Security and the USCIS. *See*6 U.S.C. § 271(b)(5).

B. The Administrative Procedures Act ("APA")

The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute[.]"5 U.S.C. § 702. The statute expressly defines "agency action" to include the "failure to act." 5 U.S.C. § 551(13). The APA does not apply to the extent that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"statutes preclude judicial review" or that "agency action is committed to agency discretion by law."5 U.S.C. § 701(a)(1)-(2). Nor does the APA provide an independent basis for subject-matter jurisdiction. *See Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

C. The Mandamus Act

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."28 U.S.C. § 1361. Jurisdiction depends on "whether mandamus would be an appropriate means of relief."*Jones v. Alexander,* 609 F.2d 778, 781 (5th Cir.1980). Mandamus relief is "extraordinary," requiring a plaintiff to establish that (1) he has a clear right to the relief sought; (2) the defendant holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and 3) no other adequate remedy is available. *See Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir.1992).

D. The Declaratory Judgment Act

The Declaratory Judgment Act states the following:

In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). It is well-established, however, that the Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. *See Skelly Oil v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

E. Jurisdiction-stripping Statute

***3** In recent years, Congress has acted to severely restrict federal judicial review of certain discretionary administrative actions and decisions of the USCIS. Of particular relevance here is the amendment to Section 242 of the INA, which provides that

[n]otwithstanding any other provision of law (statutory or nonstatutory) ... and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review-

(i) any judgment regarding the granting of relief under section ... 1255 [adjustment of status] ... or

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 USCS §§ 1151 *et seq.*] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 208(a) [8 USCS § 1158(a) ].

8 U.S.C. § 1252(a)(2)(B).

IV. *Discussion*

Jurisdiction is a threshold issue to be determined by the court before looking at the substance of a party's claims. Rather than begin with whether subject-matter jurisdiction exists, it is critical in this case to ask whether subject-matter jurisdiction has been taken away under 8 U.S.C. § 1252(a)(2)(B)(ii). To resolve this inquiry, the key question is whether *the pace of adjudicating* an adjustment of status applications is discretionary under the terms of 8 U.S.C. 1255(a). If the pace of adjudicating an I-485 application is discretionary, then the clear terms of § 1252(a)(2)(B)(ii) apply, and this court is without jurisdiction to grant Abanov relief on his claim regarding the delay in the process.

Courts across the country have divided on whether the pace of adjudication is discretionary. *Compare, e.g., Safadi v. Howard,* 466 F.Supp.2d

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

696, 698-700 (E.D.Va. Dec.20, 2006) (finding the distinction between the adjustment decision and the processing pace "untenable"); *Xu v. Chertoff,* No. 06-CV-15398, 2007 WL 2221401 (E.D.Mich., July 31, 2007) (holding that "[t]he acts of requiring certain background checks be performed before adjusting an immigrant's status to permanent resident is ... within the discretion contemplated by 8 U.S.C. § 1255"); *Bugulu v. Gonzalez,* 490 F.Supp.2d 965, (W.D.Wis.2007) (delay in processing an adjustment status application is a "discretionary action by the Attorney General" under the statute); *Liu v. Chertoff,* Case No. 07CV0005, 2007 U.S. Dist. LEXIS 32273, *5 (S.D. Cal. April 30, 2007) (concluding that as long as USCIS is making reasonable efforts to complete the adjudication, the pace required to complete that process is committed to their discretion); *Rogatch v. Chertoff,* 2007 U.S. Dist. LEXIS 28450, *2 (D.R.I. April 17, 2007) (section 1255(a) "confers broad discretion to grant or deny applications for adjustment of status" and the court is without jurisdiction to grant relief regarding delays in processing a Form I-485); and *Yang v. Gonzalez,* 4:06CV3290, 2007 U.S. Dist. LEXIS 46282, at *4 (D. Neb. June 25, 2007) (noting the distinction urged by those plaintiffs seeking judicial review but concluding that the amount of time the USCIS takes to make a decision is completely discretionary under section 245 of the INA) *with Dae Hyun Kim v. Ashcroft,* 340 F.Supp.2d 384, 393 (S.D.N.Y.2004) (holding that the process of adjudicating an AOS application is non-discretionary); *Haidari v. Frazier,* 2006 U.S. Dist. LEXIS 89177, 2006 WL 3544922, at *4 (D.Minn. Dec.8, 2006) (distinguishing the discretionary decision of whether to grant or deny an adjustment application from the mandatory duty to make any decision).

***4** Even courts within the Fifth Circuit have reached divergent conclusions. *Compare, e.g., Osakwe v. Dep't of Homeland Sec.,* G-07-308, 2007 U.S. Dist. LEXIS 47403, *9 (S.D. Tex. June 29, 2007) (holding that the pace of adjudicating adjustment applications is discretionary and that jurisdiction is precluded by 8 U.S.C. § 1252(a)(2)(B)); *Mueller,* 2007 U.S. Dist. LEXIS at *29 (holding that the APA did not qualify as a basis of subject-matter jurisdiction because plaintiff did not demonstrate that name check delay was unreasonable and that "[t]he passage of time, standing alone, is not evidence of unreasonable delay where immigration applications are concerned"); and *Mustafa v. Pasquerell,* 2006 U.S. Dist. LEXIS 8047, *5 (W.D.Tex. Jan. 10, 2006) (dismissing a complaint about delayed FBI name checks for lack of subject-matter jurisdiction under the federal mandamus statute and the Administrative Procedure Act) *with Elmalky v. UpChurch,* Civ. Action No. 3:06-CV-2356-B, 2007 U.S. Dist. Lexis 22353, (N.D.Tex. March 28, 2007) (holding that subject-matter jurisdiction existed under both the APA and the Mandamus Act); *Wang v. Chertoff,* Case Number 4:06-cv-03477 (S.D.Tex. Jan. 19, 2007) (holding that subject-matter jurisdiction existed under the APA over a claim of unreasonable delay (38 months) in the adjudication of plaintiff's adjustment of status application); *Cho v. Jarina,* 2007 U.S. Dist. LEXIS 36884, *9-10 (E.D.La. May 18, 2007) (holding "after a thorough review of the divergent caselaw on this issue" that the government has a nondiscretionary, ministerial duty to adjudicate an adjustment of status application within a reasonable time and finding the jurisdiction-stripping provisions of Section 1252 inapplicable); *Landry v. Chertoff,* Civ. Action No. 07-0506, 2007 U.S. Dist. LEXIS 49081 (E.D. La July 5, 2007) (holding that the court had subject-matter jurisdiction, that none of the relevant jurisdiction-stripping provisions of the INA applied, and that a delay of 2 and 1/2 years in processing the AOS application was sufficient to state a claim under the APA); and *Al-Juburi v. Chertoff,* Civ. Action No. 3:06-cv-1270-D, *10 (N.D.Tex. Aug. 9, 2007) (Fitzwater, J.) ("While the court acknowledges that adjustment-of-status decisions are ultimately committed by law to agency discretion under 8 U.S.C. § 1255(a), it does not necessarily follow that CIS retains the discretion to delay unreasonably the adjudication of adjustment-of-status applications.").

Having carefully considered the issue, the court finds that the clear statutory language of section 1252 precludes review in this case. As the district court recognized in *Safadi,*"this statute's meaning is

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

refreshingly free from ambiguity and its terms are pellucidly clear: It means that courts are precluded from reviewing *any* discretionary decision or action of USCIS."466 F.Supp.2d at 698. Moreover, there is no doubt that the process of adjudicating an adjustment of status application is discretionary. Section 1255(a) expressly provides that USCIS *has* the discretion to adjust an alien's status, under such regulations as it may prescribe. In this respect, USCIS has promulgated regulations regarding the adjudication process, including the performance of background and security checks. *See*8 C.F.R. part 25. The issue becomes, then, what constitutes an unreviewable discretionary "action": "Is it simply the action of entering a judgment in the adjustment process, or does it encompass a broader set of conduct including the entire pace of adjudicating an adjustment of status application?"*Osakwe,* 2007 U.S. Dist. LEXIS, at *11.

***5** Like the courts in *Safadi* and *Osakwe,* among others, the court finds that the pace of adjudication is discretionary. The term "action" is defined as "an act or *series of acts."*Black's Law Dictionary 28 (6th ed.1990) (emphasis added). Because section 1255(a) does not impose any limits on CIS's discretionary authority over any of the "acts or series of acts" within the adjustment of status process, the court concludes that "action" within section 1252(a)(2)(B)(ii) encompasses the *entire* process of reviewing an adjustment application, and, consequently, section 1252 precludes judicial review of the pace of adjudication.

The court is unpersuaded that there is any meaningful distinction between the adjustment status decision, which all agree is unreviewable, and the process of reaching that decision. Were the term "action" limited only to the final decision regarding an adjustment of status application, then the term "action" in "decision or action" would be superfluous, a result which violates basic principles of statutory interpretation. *Safadi,* 466 F.Supp. at 700. Thus, "action" must contemplate more than merely the ultimate decision made by the USCIS on an applicant's I-485 petition.

Finally, the court notes that section 1252 expressly precludes judicial review *notwithstanding*section 1361 (Mandamus Act) or *any* other provision of law. Abanov's reliance on the Mandamus Act, the APA, or the Declaratory Judgment Act to restore the court's subject-matter jurisdiction is misplaced. The Mandamus Act does not confer jurisdiction because the government does not have a "clear nondiscretionary duty" to process his adjustment of status application at any particular pace or speed. *See Pittston Coal Group v. Sebben,* 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1984) ("The extraordinary remedy of mandamus ... will issue only to compel the performance of a clear nondiscretionary duty."). The APA does not confer jurisdiction because review is unavailable where, as here, the action challenged is "committed to agency discretion by law."5 U.S.C. § 701(a). Nor does the Declaratory Judgment Act provide an independent basis for subject matter jurisdiction. *See Skelly Oil,* 339 U.S. at 671-72. Accordingly, even assuming subject matter jurisdiction existed notwithstanding section 1252(a)(2)(B)(ii), the mandamus statute, the APA, and the Declaratory Judgment Act do not independently confer subject matter jurisdiction over Abanov's claim.

V. *Conclusion*

The acts requiring certain background checks be performed before adjusting an immigrant's status to permanent resident is, in this court's opinion, within the sound discretion of the USCIS. The court recognizes Abanov's frustration with the delays in this process, but Congress has made it clear that the court is without jurisdiction to hear this type of complaint. Accordingly, it is hereby

**ORDERED** that Defendants' motion to dismiss (Doc. 10) is **GRANTED.**This case is ***dismissed.***

S.D.Tex.,2007.
Abanov v. Gonzales
Slip Copy, 2007 WL 2872765 (S.D.Tex.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.