C
Zahani v. Neufeld
M.D.Fla.,2006.
Only the Westlaw citation is currently available.
United States District Court,M.D. Florida.
Mohamed ZAHANI, Meredith Hoffman, Plaintiffs,
v.
Donald NEUFELD, Eduardo Aguirre, Jr., Michael Chertoff, Defendants.
**No. 6:05 CV 1857 ORL 18J.**

June 26, 2006.

Maud Poudat, Maney & Gordon, P.A., Orlando, FL, for Plaintiffs.
Warren A. Zimmerman, U.S. Attorney's Office, Tampa, FL, for Defendants.

ORDER

SHARP, Senior J.

***1** THIS CAUSE comes before the Court upon the Motion to Dismiss (Doc. 10, filed June 5, 2006) FN1 by Defendants Donald Neufeld, Eduardo Aguirre, Jr., and Michael Chertoff (collectively, "USCIS" [FN2]), to which Plaintiffs Mohamed Zahani ("Zahani") and Meredith Hoffman ("Hoffman") (collectively, "Plaintiffs") responded in opposition (Doc. 11, filed June 12, 2006). Plaintiffs bring a complaint for writ of mandamus seeking this Court to compel the Government to adjudicate the Adjustment of Status Application for Lawful Permanent Residence. The Court grants the Motion to Dismiss.

FN1. Doc. 10 is styled as an "Answer to complaint of Mandamus." Nevertheless, the Court construes Doc. 10 as a Motion to Dismiss because the document seeks dismissal for lack of subject matter jurisdiction and for failure to state a claim. (Doc. 10 at 3-10.)

FN2. The United States Citizenship and Immigration Services.

I. BACKGROUND

The United States admitted Zahani, a native and citizen of Tunisia, as a nonimmigrant visitor for pleasure on July 26, 1999. Zahani married Hoffman, a United States citizen on March 7, 2002. On September 19, 2003. Hoffman filed a Petition for Alien Relative (Form I-130) and Application for Adjustment of Status (Form I-485) on Zahani's behalf with the Immigration & Naturalization Service ("INS").[FN3] The last action taken by USCIS occurred on April 28, 2006, when a District Adjudication Officer interviewed Zahani in the USCIS Orlando office. Plaintiffs filed this Complaint on December 15, 2005, over three years after the adjustment of status application was filed.

FN3. The INS ceased to exist on March 1, 2003, and its functions were transferred to USCIS within the newly formed Department of Homeland Security. *Batalova v. Ashcroft,* 355 F.3d 1246, 1248 n. 1 (10th Cir.2004).

II. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction based on 28 U.S.C. § 1331 in conjunction with the Administrative Procedure Act ("APA") 5 U.S.C. § 701*et seq.See, e.g.,Alkenani v. Barrows,* 356 F.Supp.2d 652, 656 (N.D.Tex.2005); *Saleh v. Ridge,* 367 F.Supp.2d 508, 512 (S.D.N.Y.2005); *Kim v. Ashcroft,* 340 F.Supp.2d 384, 391 (S.D.N.Y.2004); *Bartolini v. Ashcroft,* 226 F.Supp.2d 350, 353 (D.Conn.2002); *Yu v. Brown,* 36 F.Supp.2d 922, 934 (D.N.M.1999).[FN4]

FN4. USCIS contends that 8 U.S.C. § 1252, entitled "Judicial review of orders of removal," provides a bar to judicial review of this case. USCIS refers to subsection (g), which provides that courts may not review "the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."8 U.S.C. § 1252(g). Here, Plaintiffs chal-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment H

lenge the failure to act by USCIS with respect to a pending application for adjustment of status. This case has nothing to do with removal orders.Section 1252(g) simply does not apply. *SeeYu,* 36 F.Supp.2d at 933-34;*seealsoReno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (explaining that § 1252(g) applies to three discrete actions of the Attorney General ("her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders"), which occur "along the road to deportation.").

## III. MOTION TO DISMISS

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sea Vessel, Inc. v. Reyes,* 23 F.3d 345, 347 (11th Cir.1994). In evaluating a motion to dismiss, the court must accept all the alleged facts as true, and draw all inferences from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1484 (11th Cir.1994). A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). Federal courts must follow Rule 8(a) of the Federal Rules of Civil Procedure requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief."*Fed.R.Civ.P.* 8(a)(2). Under this liberal pleading standard, the allegations need only put the opposing party on fair notice of what the claim is and the grounds upon which it rests.*Conley,* 355 U.S. at 47. The court, however, does not generally accept conclusory allegations as true. *S. Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 408 n. 10 (11th Cir.1996) (citing *Assoc. Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir.1974)).

## IV. DISCUSSION

***2** From the outset, it is well established that Congress has "[t]he power ... to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention."*Kleindienst v. Mandel,* 408 U.S. 753, 766, 92 S.Ct. 2576, 33 L.Ed.2d 683 (U.S.1972).

Plaintiffs petition for a writ of mandamus and request this Court to compel USCIS to adjudicate Zahani's pending application for adjustment of status. A district court has original jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."28 U.S.C. § 1361. "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases."*Cash v. Barnhart,* 327 F.3d 1252, 1257 (11th Cir.2003) (internal quotations and alterations omitted)."Although the issuance of a writ of mandamus is a legal remedy, it is largely controlled by equitable principles and its issuance is a matter of judicial discretion."*Id.* at 157-58 (internal quotations omitted)."Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available."*Id.* at 1258 (internal quotations and alterations omitted).

Plaintiffs fault USCIS for failing to act on the application. An agency's failure to act is "sometimes remediable under the APA, but not always."*Norton v. So. Utah Wilderness Alliance,* 542 U.S. 55, 61, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."5 U.S.C. § 702. Agency action is defined in § 551(13) to include "failure to act." The APA further provides that a "reviewing court shall ... compel agency action unlawfully withheld ."5 U.S.C. § 706(1). Un-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

der *Norton,* a claim under § 706(1) can proceed "only where a plaintiff asserts that an agency failed to take *discrete* action that it is *required to take."Norton,* 542 U.S. at 64. On the other hand, a plaintiff cannot seek to compel agency action that is committed to agency discretion. 5 U.S.C. § 701(a)(2).

Although the parties do not address applicable statutory regulations, it is clear that 8 C.F.R. § 103.2(18) provides USCIS with discretion to withhold adjudication of the adjustment of status application:

(18) Withholding adjudication. A district director may authorize withholding adjudication of a visa petition or other application if the district director determines that an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion, where applicable, in connection with the application or petition, and that the disclosure of information to the applicant or petitioner in connection with the adjudication of the application or petition would prejudice the ongoing investigation. If an investigation has been undertaken and has not been completed within one year of its inception, the district director shall review the matter and determine whether adjudication of the petition or application should be held in abeyance for six months or until the investigation is completed, whichever comes sooner. If, after six months of the district director's determination, the investigation has not been completed, the matter shall be reviewed again by the district director and, if he/she concludes that more time is needed to complete the investigation, adjudication may be held in abeyance for up to another six months. If the investigation is not completed at the end of that time, the matter shall be referred to the regional commissioner, who may authorize that adjudication be held in abeyance for another six months. Thereafter, if the Associate Commissioner, Examinations, with the concurrence of the Associate Commissioner, Enforcement, determines it is necessary to continue to withhold adjudication pending completion of the investigation, he/she shall review that determination every six months.

***3** 8 C.F.R. § 103.2(18)

The regulation sets forth the authority of the district director to initially withhold adjudication. After two years, that same authority is extended to the regional commissioner, which, six months later, becomes the shared authority of the Associate Commissioner of Examinations and the Associate Commissioner of Enforcement. At all times, the determination to withhold is discretionary.

In the Complaint, Plaintiffs seek "the District Director of the USCIS to adjudicate the Adjustment of [S]tatus [A]pplication for [L]awful [P]ermanent [R]esidence."(Doc. 1 at ¶ 8.) This Court is without power to compel the district director "to adjudicate." The decisions *to adjudicate* or *to withhold adjudication* are decisions solely within the discretion of the USCIS officers identified in 8 C.F.R. § 103.2(18). Under 5 U.S.C. § 701(a)(2), this Court cannot compel action committed to agency discretion. Of course, it follows that the mandamus requirements cannot be met. *SeeMustafa v. Pasquerell,* No. Civ.SA05CA658XR, 2006 WL 488399, at *4 (W.D.Tex.2006) (finding, on the basis of 8 C.F.R. § 103.2(b)(18), that the timing of adjudication was a matter of agency discretion and the requirements for mandamus could not be met).

Moreover, Plaintiffs state that they have been informed that Zahani's application for adjustment of status remains pending because the FBI's background checks have not been completed. (Doc. 11 at 8.) Thus, even if this Court could intervene, it would not. Courts have routinely found delays caused by FBI background checks to be justifiable delays. *SeeAlkenani,* 356 F.Supp.2d at 657 (finding the delay to be reasonable due to the pending FBI background check; noting that the immigration service does not "have authority to expedite the FBI investigation or give petitioner priority over background checks requested by other agencies"; further noting that such delays are inevitable and becoming more frequent in the post-911 world); *Zaysev v. Gantner,* No.04CIV7101, 2004 WL 2251665, at *1 (S.D.N.Y. Sept.24, 2004) (stating that immigration services "is not required to make any determina-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tions until the requisite security checks have been completed"); *Zheng v. INS,* 933 F.Supp. 338, 341 (S.D.N.Y. July 19, 1996) ("The fact that the INS followed a procedure, dictated by statute, of waiting for clearance from the FBI does not amount to a wanton, willful, and reckless delay."); *Maldonado-Coronel v. McElroy,* 943 F.Supp. 376, 385 (S.D.N.Y.1996) (noting that a number of criminals have slipped through INS vetting and finding that it would be "imprudent to create another loophole to the INS's statutory mandate to conduct mandatory background checks simply because time is short"). Indeed, this Court is unaware of any other case where the mandamus relief of adjudication was granted despite the fact that FBI background checks were still pending.

V. CONCLUSION

Because Plaintiffs request this Court to intervene where it cannot and because such intervention, if undertaken, would interfere with the necessary security measures that USCIS and the FBI undertake, the Motion to Dismiss (Doc. 10) is accordingly GRANTED.

***4** DONE and ORDERED.

M.D.Fla.,2006.
Zahani v. Neufeld
Not Reported in F.Supp.2d, 2006 WL 2246211 (M.D.Fla.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.