Mustafa v. Pasquerell
W.D.Tex.,2006.
Only the Westlaw citation is currently available.
United States District Court,W.D. Texas,San Antonio Division.
Shaikh Afsar MUSTAFA, and Aisha Fatima Shaik, Plaintiffs,
v.
Kenneth PASQUERELL, District Director, U.S. Citizenship and Immigration Services, Eduardo Aguirre, Jr., Director, USCIS, and Michael Chertoff, Secretary Department of Homeland Security Defendants.
**No. Civ.SA05CA-658-XR.**

Jan. 10, 2006.

Garrett M. White, Law Office, Houston, TX, for Plaintiffs.
Gary L. Anderson, Assistant United States Attorney, San Antonio, TX, for Defendants.

ORDER

XAVIER RODRIGUEZ, J.

***1** Before the Court is Defendants' motion to dismiss Plaintiffs' writ of mandamus. (Docket no. 11). Plaintiffs have responded, although untimely. (Docket no. 12). Upon consideration of the parties' submissions, Defendants' motion to dismiss is GRANTED for the reasons cited below.

Background

The underlying facts in this action are mostly undisputed. Plaintiff Shaikh Afsar Mustafa (hereinafter referred to as "Mustafa") is a native and citizen of India. He originally entered the United States as a visitor in March 1998. Mustafa married Plaintiff Aisha Fatima Shaik (hereinafter referred to as "Shaik"), an American citizen, on February 12, 2002. On March 1, 2002, Shaik filed a visa Petition for Alien Relative with the Attorney General pursuant to 8 U.S.C. § 1154(a)(1)(a)(i) [FN1] and Mustafa applied for an adjustment of status to that of permanent resident pursuant to 8 U.S.C. § 1255.[FN2] Defendants, through the United States Citizenship and Immigration Services (USCIS), interviewed both plaintiffs in connection with the petition and application in mid-March 2002 and began an investigation. Defendants again interviewed Plaintiffs in December 2003 and September 2005. To date, Defendants have not issued a ruling on either the petition or application.

FN1."Any citizen of the United States claiming that an alien is entitled to classification by reason of ... immediate relative status under section 1151(b)(2)(A)(i) of this title may file a petition with the Attorney General for such classification."8 U.S.C. § 1154(a). The evidence shows that the visa petition was filed under the name Kari Lynn McCoy. *See Defendant's motion to dismiss,*Docket no. 11, Exh. 1. Although the record does not contain any documentation showing Kari McCoy changed her name to Aisha Fatima Shaik, Defendants do not dispute this fact. Accordingly, the Court will proceed under the assumption that Kari Lynn McCoy and Aisha Fatima Shaik are the same person, and that she is Mustafa's present spouse.

FN2."The status of an alien who was inspected and admitted or paroled into the United States ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."8 U.S.C. § 1255(a).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment K

On July 15, 2005, Mustafa and Shaik filed an "Original Complaint for Writ in the Nature of Mandamus," alleging Defendants have intentionally and unreasonably delayed processing Mustafa's Application of Permanent Residence Status (application) and Shaik's Immigrant Petition (petition). Plaintiffs assert that jurisdiction exists pursuant to the declaratory judgment statute, 28 U.S.C. § 2201, the mandamus statute, 28 U.S.C. § 1361; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701*et seq.*, and 28 U.S.C. § 1331. Plaintiffs seek relief in the form of a writ of mandamus compelling Defendants to adjudicate the application and petition. Defendants now move to dismiss Plaintiffs' action for writ of mandamus for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for lack of subject matter jurisdiction. The Court may look beyond the complaint's jurisdictional allegations to determine if jurisdiction is present. Accordingly, the Court may dismiss a case for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."*Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir.2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* In examining a Rule 12(b)(1) motion, the court is empowered to consider matters of fact that may be in dispute. *Id.* However, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*

***2** Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982). Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of plaintiff's claims, and all factual allegation pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir.1986). Following this guidance, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bauer v. Texas,* 341 F.3d 352, 356 (5th Cir.2003).

Analysis

In their "Original Complaint for Writ in the Nature of Mandamus," Plaintiffs assert that jurisdiction is proper under 28 U .S.C. § 1331 (federal question), 28 U.S.C. § 1361(mandamus), 5 U.S.C. § 701*et seq.* (Administrative Procedure Act), and 28 U.S.C. § 2201*et seq.* (Declaratory Judgment Act).

To the extent Plaintiffs seek declaratory judgment, the applicable declaratory judgment statute, 28 U.S.C. § 2201, does not provide an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Further, Plaintiffs do not seek declaratory relief. For these reasons, Plaintiffs' assertion of jurisdiction on this basis will be disregarded as unintended.

Plaintiffs also assert jurisdiction under 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."The Fifth Circuit Court of Appeals recognizes that mandamus is an "extraordinary remedy" and requires mandamus plaintiffs to satisfy three jurisdictional prerequisites: (1) the plaintiff has a clear right to the relief sought; (2) the defendant holds a plainly

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

defined and mandatory, nondiscretionary duty to do the act in question; and (3) no other adequate remedy is available. *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir.1992); *United States v. O'Neil,* 767 F.2d 1111, 1112 (5th Cir.1985).

Plaintiffs further assert that jurisdiction is proper under the APA. The APA, in conjunction with section 1331, may vest subject matter jurisdiction in the district courts to compel agency action that is unreasonably delayed or unlawfully withheld. "Failures to act are sometimes remediable under the APA, but not always."*Norton v. So. Utah Wilderness Alliance,* 542 U.S. 55, 61, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004). The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."5 U.S.C. § 702.[FN3]Agency action is defined in § 551(13) to include "failure to act." Further, section 706(a) provides relief for a failure to act: "The reviewing court shall ... compel agency action unlawfully withheld or unreasonably delayed."However, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it *is required to take. Norton,* 542 U.S. at 64. Thus, when an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be. *Id.* at 65.However, an aggrieved person may not sue a federal agency when agency action is committed to agency discretion by law. 5 U.S.C. § 701(a)(2).

> FN3. Defendants argue that Plaintiff Mustafa does not have legal standing to bring this action. Defendants contend that in the immigration context, the only party who has legal standing to file an appeal to the Board of Immigration Appeals (BIA) based upon an adverse decision on a visa petition is the person who filed the challenged petition. While they recognize that this is not an appeal to the BIA of an adverse decision, Defendants argue "[i]t should follow that any suit filed in reference to a petition, including this one, could only be filed" by the person who filed the challenged petition. The Court rejects Defendants' argument. Although he may not be a person entitled to relief from a final judgment of the CIS under the applicable regulations, he is a person affected or aggrieved by the agency's failure to act, and thus he has standing as the beneficiary of the visa petition and as the applicant for an adjustment of status. *See Ghaly v. INS,* 48 F.3d 1426, 1434 (7th Cir.1995). Even if Mustafa lacks standing, however, it is undisputed that Plaintiff Shaik has standing to bring this action, and thus the Court may consider the merits in any event.

***3** Therefore, Plaintiffs present two valid assertions upon which this Court's jurisdiction might be based: (1) the mandamus statute, 28 U.S.C. § 1361, and (2) the APA. However, neither the APA nor the mandamus statute will afford Plaintiffs relief if they seek to compel performance of a discretionary act. Thus, Defendants move to dismiss this action for lack of subject matter jurisdiction on the basis that this Court lacks jurisdiction to issue mandamus or to compel action under the APA on a discretionary act or decision.

Defendants agree that they have a nondiscretionary duty to process visa applications as required by 8 U.S.C. § 1154(b) ("After an investigation of the facts in each case ... the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative ... approve the petition and forward one copy thereof to the Department of State."). However, Defendants contend that USCIS has decided to withhold adjudication of the petition and application until Mustafa's aliases can be confirmed and all possible law enforcement "hits" on those aliases may be more fully investigated and cleared. Defendants point to the applicable regulations and argue that USCIS has discretion to conduct background checks and to withhold adjudication under certain circumstances, and that De-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

fendants are acting in accordance with these regulations. Specifically, Defendants note that 8 C.F.R. § 103.2(b)(7) permits USCIS to direct any necessary investigation, and that it is conducting background checks pursuant to this regulation. Further, Defendants assert that 8 C.F.R. § 193.2(b)(18), entitled "Withholding Adjudication," permits them to withhold adjudication pending completion of the investigation. Section 103.2(b)(18) provides:

Withholding adjudication. A district director may authorize withholding adjudication of a visa petition or other application if the district director determines that an investigation has been undertaken involving a matter relating to eligibility or the exercise of discretion, where applicable, in connection with the application or petition, and that the disclosure of information to the applicant or petitioner in connection with the adjudication of the application or petition would prejudice the ongoing investigation. If an investigation has been undertaken and has not been completed within one year of its inception, the district director shall review the matter and determine whether adjudication of the petition or application should be held in abeyance for six months or until the investigation is completed, whichever comes sooner. If, after six months of the district director's determination, the investigation has not been completed, the matter shall be reviewed again by the district director and, if he/she concludes that more time is needed to complete the investigation, adjudication may be held in abeyance for up to another six months. If the investigation is not completed at the end of that time, the matter shall be referred to the regional commissioner, who may authorize that adjudication be held in abeyance for another six months. Thereafter, if the Associate Commissioner, Examinations, with the concurrence of the Associate Commissioner, Enforcement, determines it is necessary to continue to withhold adjudication pending completion of the investigation, he/she shall review that determination every six months.

*4 Defendants contend that the processing of Plaintiffs' application and petition has complied with section 103.2(b)(18) and adjudication has been withheld pursuant to the investigation and necessary approvals of the continuation of the investigation. Defendants argue that, pursuant to the regulations, an officer's decision to withhold adjudication on the application for further investigation is discretionary and thus the Court cannot review the decision and cannot compel CIS to complete the investigation and adjudicate the petition. Further, Defendants argue, they have acted within a reasonable time because they are in compliance with the regulations and it is the use of aliases by Mustafa and the delay in obtaining necessary supportive documents that has delayed the background check and in effect caused the delay.

As noted, mandamus is awarded only "in the exercise of sound judicial discretion."*Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir.2002). A district court's decision not to exercise jurisdiction under 28 U.S.C. § 1361 is a discretionary one. *Id.* A writ of mandamus is an extraordinary remedy and, in order to be granted a writ of mandamus, a plaintiff must show a clear right to the relief sought, a clear duty by the defendants to do the particular act, and that no other adequate remedy is available. *Id.*

Although some courts have phrased the issue in similar cases as whether Plaintiffs have the right to have their petition and application adjudicated within a reasonable time, this Court concludes that the proper focus is whether Plaintiffs have the clear right to an immediate (or even expedited) adjudication of their petition and application, which is the relief they seek in their Complaint. If there were a time period for adjudication specified in the governing statutes or regulations and that time period had been exceeded, this Court could order the agency to complete the adjudication. *See Norton,* 542 U.S. at 65. However, no statute or regulation specifies a time period within which CIS must act. Thus, the only governing time limit appears to be the APA's directive that agencies resolve matters presented to them within a reasonable time. *See*5 U.S.C. § 555(b). However, the applicable regulation clearly "affords wide discretion to the [CIS] in matters pertaining to the timing of the adjudication of petitions."*Willis-Gomez v. Meissner,* 879 F.Supp. 1120, 1123-24 (W.D.Okla.1995). Defend-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ants have provided the affidavit of Kenneth Pasquarell, the district director, who attests that USCIS is performing required background checks pursuant to 8 C.F.R. § 103.2(b)(7) and that Defendants have withheld adjudication in accordance with 8 C.F.R. § 103.2(b)(18)'s requirements. If the timing of the relief sought is a matter within the discretion of the agency, there is no clear right to relief. *See Newsome,* 301 F.3d at 331. Because the USCIS has discretion to withhold adjudication of the petition and application in accordance with section 103.2(b)(18), and Plaintiffs do not dispute that USCIS has complied with section 103.2(b)(18), Plaintiffs have no clear right to the relief sought (an immediate adjudication) and are not entitled to mandamus relief. *Cf. Kale v. INS,* 37 Fed. Appx. 90 (5th Cir.2002) (noting that the applicable regulations vest the appropriate INS official with discretion in deciding whether to reconsider or reopen a matter and mandamus cannot be used to compel the performance of such a purely discretionary act).

***5** Although the governing statutes for visa petitions, 8 U.S.C. § 1154 and for adjustment of status, 8 U.S.C. § 1255, provide a right to an adjudication of the merits of the visa petition or adjustment application, they do not prescribe a time certain for such adjudication. Thus, while USCIS may have a nondiscretionary duty to adjudicate the petition and application, when to adjudicate is committed to its discretion, provided it complies with the applicable procedures outlined in the regulations. USCIS argues and provides evidence that it has complied with the applicable regulations. Further, it provides evidence that it is continuing its investigation and continues to work diligently to resolve the issues preventing adjudication, and thus USCIS has not breached its duty to adjudicate. Rather, Plaintiffs simply wish to force USCIS to complete the adjudication in a more expeditious manner. However, that is committed to USCIS's discretion. "The principal purpose of the APA limitations ... and of the traditional limitations upon mandamus from which they were derived-is to protect agencies from undue judicial interference with their lawful discretion ..."*Norton,* 542 U.S. at 66. Plaintiffs have failed to show that Defendants are required to take any action within a certain time period, and this Court may not direct agency action that is not demanded by law. *Id.* at 65.Accordingly, the Court cannot compel Defendants to adjudicate the petition and application under the APA.

The Court recognizes that many courts have held in similar cases that petitioners and applicants have a clear right to have their adjustment application and visa petition adjudicated within a reasonable time of their filing. *See, e.g., Alkenani v. Barrows,* 356 F.Supp.2d 652, 656 (N.D.Tex.2005); *Yu v. Brown,* 36 F.Supp.2d at 930-932;*Paunescu v. INS,* 76 F.Supp.2d 896, 900-901 (N.D.Ill.1999); *see also Agbemaple v. INS,* No. 97-C-854 (N.D.Ill. May 18, 1998), 1998 WL 292441 at *2 (unpublished). However, this Court agrees with the minority decisions from the district courts for the Southern District of New York that have concluded that mandamus relief is unavailable for such delays. *See, e.g., Zheng v. Reno,* 166 F.Supp.2d 875, 880-81 (S.D.N.Y.2001) (noting that scheduling issues remain within the agency's discretion and "courts in this district have repeatedly held that mandamus relief is unavailable for delays in the adjustment process"); *Batista v. INS,* 2000 WL 204535 (S.D.N.Y.2000) ("Whether and when to grant an adjustment of status is a matter within the Attorney General's discretion.") (citing cases). Further, none of the cases in which the courts have compelled agency action have even cited to the applicable regulation affording the CIS discretion to withhold adjudication in certain circumstances, though one has recognized that approval cannot be granted without a completed background check, that CIS does not have authority to expedite the investigation or give petitioner priority over other background checks requested by other agencies, and that "delays of this nature are inevitable and becoming more frequent in light of heightened security concerns in the post-911 world."*Alkenani,* 356 F.Supp.2d at 657. USCIS asserts that, were this Court to compel immediate adjudication of Shaik's immigrant petition, it would have to be denied because the statutory requirements for approval could not be met. Thus, though the Court sympathizes with Plaintiffs' predicament, the Court declines to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

exercise jurisdiction under the mandamus statute and finds it lacks jurisdiction to compel agency action under the APA because the matter involves agency discretion.

Conclusion

***6** For the reasons stated above, the Court DISMISSES this case for lack of jurisdiction.

W.D.Tex.,2006.
Mustafa v. Pasquerell
Not Reported in F.Supp.2d, 2006 WL 488399 (W.D.Tex.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.