IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

RAJESH RADHAKRISHNAN, )
Plaintiff )
)
V. ) CA 07-327S
)
)
MICHAEL CHERTOFF, as Secretary of )
DEPARTMENT OF HOMELAND )
SECURITY, ET AL., )
Defendants )

DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

For the reasons set forth in the accompanying Memorandum, the Government objects to Plaintiff's Motion for Leave To File Third Amended Complaint pursuant to Fed. R. Civ. P. 15(a) as futile.

Respectfully submitted,

MICHAEL CHERTOFF, Secretary of
Department of Homeland Security, et. al.
Defendants

By their Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Richard B. Myrus
RICHARD B. MYRUS
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
Email: richard.myrus@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of February, 2008, I electronically filed the within Objection and supporting Memorandum with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice by postage prepaid mail.

Rajesh Radhakrishnan
49 Ballou Street
Cumberland, RI 02864

/s/ Richard B. Myrus
RICHARD B. MYRUS
Assistant U.S. Attorney

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAJESH RADHAKRISHNAN, Plaintiff | ) | |
| V. | ) | CA 07-327S |
| MICHAEL CHERTOFF, as Secretary of DEPARTMENT OF HOMELAND SECURITY, ET AL., Defendants | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its complaint once as a matter of right before a responsive pleading is filed. Otherwise, Rule 15 provides that "a party may amend that party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "That is not to say, however, that a district court lacks authority to deny a request to amend. In appropriate circumstances – undue delay, bad faith, futility, and the absence of due diligence on the movant's part are paradigmatic examples – leave to amend may be denied. Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).

Plaintiff has already amended his Complaint twice, (Dckt. Nos. 3 and 8), and defendants' motion to dismiss for lack of subject matter jurisdiction is pending before the Court. (Dckt. No. 11). In his proposed Third Amended Complaint, plaintiff seeks, inter alia, to add his spouse, who filed a derivative I-485 application, as a plaintiff and the United States Secretary of State as a defendant. Plaintiff, however, does not contend that any of his proposed amendments to the Complaint cure the fatal lack of subject matter jurisdiction that defendants identified in their motion to dismiss.

Plaintiff's proposed amendments, like all of the relief that plaintiff seeks, would require that the Court impermissibly exercise jurisdiction over the pace at which plaintiff's I-485 application is processed. Plaintiff does not dispute that "the processing of [his spouse's] case cannot proceed unless the primary applicant, Plaintiff, Rajesh Radhakrishnan's 'security clearance' is cleared." (Third Amended Compl. at ¶ 30; see 8 U.S.C. § 1153(d) ("[A] spouse . . . shall . . . be entitled to the same status . . . if accompanying or following to join, the spouse or parent.").) Likewise, the relief that plaintiff seeks with respect to the Secretary of State's release of visa numbers is dependent upon the completion of plaintiff's name check and adjustment of status, which plaintiff impermissibly asks that the Court order the defendants to complete immediately. (Third Amended Compl. at ¶ IX( c).) Because, as explained in defendants' motion to dismiss, the Court lacks subject matter jurisdiction over plaintiff's claims regarding the pace of adjudication of his adjustment application, plaintiff's new allegations are futile, and plaintiff's motion for leave to amend should be denied. See Fuller v. Secretary of Defense, 30 F.3d 86, 89 (8th 1994) (holding that amendment would have been futile because "Fuller's claim seeks judicial relief for a discretionary, and hence unreviewable, decision of the Secretary of the Navy"); Rogatch v. Chertoff, 1160358, at *2 n.2 (D.R.I. Apr. 17, 2007) (Denying motion for leave to add claim for declaratory judgment); Athans v. F.B.I., 2007 WL 2288037, at *3 (D. Ariz. Aug. 8, 2007); Burkett v. Schultz, 62 F.R.D. 1, (E.D. Wis. 1974) ("Since I am dismissing the various actions against the defendants for jurisdictional reasons and the plaintiff's proposed amendments do not relate to jurisdiction, justice does not require that I grant plaintiff leave to amend.").

Accordingly, plaintiff's Motion To Amend should be denied.

Respectfully submitted,

MICHAEL CHERTOFF, Secretary of
Department of Homeland Security, et. al.
Defendants

By their Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Richard B. Myrus
RICHARD B. MYRUS
Assistant U.S. Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
Email: richard.myrus@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2008, I electronically filed the within Objection and supporting Memorandum with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice by postage prepaid mail.

Rajesh Radhakrishnan
49 Ballou Street
Cumberland, RI 02864

/s/ Richard B. Myrus
RICHARD B. MYRUS
Assistant U.S. Attorney