**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Rajesh Radhakrishnan**<br>**49 Ballou St Cumberland**<br>**RI 02864** | ) | |
| **v.** | ) | **CIVIL ACTION**<br>**NO. CA 07 327S** |
| ***Michael Chertoff***<br>**As Secretary, Department of Homeland Security**<br>**et. al.**<br>**Defendants** | ) | **Honorable Judge**<br>**Lincoln D Almond** |

**SURREPLY MEMORANDUM IN RESPONSE TO DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

NOW comes the plaintiff in the above-entitled complaint, Rajesh Radhakrishnan, files the attached surreply memorandum for the following reason:

1. In their reply memorandum(#15 in Docket Report), Defendants attempt to mislead the Court and misapply the law in order to support their Motion to Dismiss.

# I. INTRODUCTION

Plaintiff is seeking an order asking this court to require defendants to make a final decision on his application for adjustment of their status. Nearly three years have elapsed since USCIS and FBI received plaintiffs' application for review. Defendants give no reason for this delay other than that, due to increased national security, there is a backlog of immigration applications. Other courts have rejected this general argument, explaining plaintiffs, such as Rajesh Radhakrishnan and his family, are already living and working in the United States while the application is pending. See Tang, 493 F. Supp. 2d at 158. Defendants provide no reason why Plaintiff's application requires such an extended delay and point to no single action that has been taken to further Plaintiff's particular application. Plaintiffs educational and employment history is not particularly complicated. Perhaps the FBI's initial search revealed some record that needs to be reviewed that is difficult to retrieve. Perhaps Plaintiff's name is sufficiently common that many records need to be reviewed. Perhaps the FBI has encountered some other difficulty in determining whether possible derogatory information exists. However, the FBI has not deigned to enlighten either Plaintiff or the court as to what has placed him in the 1% of name check requests that cannot be completed within 60 days. Furthermore, the record is devoid of any attempt by the USCIS to reduce the amount of delay by making an expedited request to the FBI. Since February 2007, that request presumably

has not been made in accordance with the new policy not to make any expedited requests simply because a lawsuit is filed, regardless of the length of the delay. However, no explanation is given as to why the USCIS made no expedited request before February 2007 or why the new policy was instituted. See Liu v. Chertoff, 2007 U.S. Dist. LEXIS 65687(D.Oregon, Aug 29, 2007). The government has not even reported if an FBI analyst has even begun processing plaintiffs namecheck."The [US]CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely." Kim v. Ashcroft, 340 F. Supp. 2d 384, 391-92 (S.D.N.Y. 2004)); The recent class settlement in Kaplan v. Chertoff reiterates the truth that litigation alone can render justice to all applicants stuck in namecheck and bring a rouge institution back on rails.

## II. LEGAL ANALYSIS

Plaintiff is seeking an order asking this court to require defendants to make a final decision upon his application to adjust status to that of legal permanent resident.

### a. Pace of Adjudication is not discretionary

While the government is correct that 8 U.S.C. § 1255(a) grants the Secretary discretion to adjust the status of an alien to permanent legal resident, and that neither § 1255(a), nor the relevant regulations, 8 C.F.R. Pt. 245, specify a time frame within which the Secretary must act, this does not render the entire process discretionary. Many courts have noted that USCIS has a non-discretionary duty to make some decision on [an] application for permanent residency. See Han Cao, 496 F. Supp. 2d at 575 (E.D. Pa. 2007). Moreover, a decision must be made within a reasonable time. To hold otherwise would "render toothless all timing restraints, including those imposed by the APA," and amount to a "grant of permission for inaction." Liu Duan, 2007 U.S. Dist. LEXIS 12697, 2007 WL 626116, at *3.

### b. Section § 1252(a)(2)(B)(ii) is inapplicable here

Section 1252(a)(2)(B)(ii) "withdraws jurisdiction wherever discretionary authority is 'specified' by statute" and not otherwise. Spencer Enter., 345 F.2d(Ninth Circ., 2003) at 691. Section 1255 does not address, much less specify, any discretion associated with the time to adjudicate applications.The Fifth Circuit, also stated that:

> [o]ne might mistakenly read § 1252(a)(2)(B)(ii) as stripping us of the authority to review any discretionary immigration decisions. That reading, however, is incorrect, because § 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority specified in the statute. The statutory language is uncharacteristically pellucid on this score; it does not allude generally to 'discretionary authority' or to 'discretionary authority exercised under this statute,' but specifically to 'authority for which is specified under this subchapter to be in the discretion of the [Secretary of Homeland Security.]'

Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005) (emphasis in original). Therefore, the court must determine whether the statutory and regulatory provisions under which plaintiffs seek adjustment of status provide that the pace of adjudication of their applications is within the discretion of USCIS. See also Khan v. United States AG, 448 F.3d 226, 232 (3d Cir. 2006)

### c. How Iddir is relevant to instant complaint

Defendants misinterpret Plaintiff's reliance on Iddir v INS, 301 F. 3d 492(7th Cir. 2002). By contrasting the language of section 1255(a) with that of section 1153(c), the Seventh Circuit did not mean that AOS applicants could never have a right to adjudication within a particular time frame. As winners of the diversity visa lottery who already resided in the U.S., the plaintiffs in Iddir were still required to apply for adjustment of status under section 1255(a). Id. at 494. Indeed, it was the requirement of completing adjustment within the year during which the plaintiffs' visa lottery offers were valid--a requirement INS failed to do its part to meet--that led the Seventh Circuit to hold that plaintiffs had a clear right to adjudication within a reasonable time. Id.at 500. Thus, far from leading inexorably to the conclusion that relief under section 1255(a) is always discretionary, Iddir can be read to mean that, in some circumstances, agency inaction can violate an AOS applicant's clear right to adjudication of his case. In Iddir, that circumstance was the issuance of lottery visas valid for only one year, during which INS failed to adjudicate the lottery winners' AOS applications. But Iddir does not foreclose the possibility that agency inaction in other circumstances may violate a clear right to relief held by AOS applicants. It is important to note that in *Iddir* the Seventh Circuit Court of Appeals found that the district court was empowered to adjudicate the mandamus petition based on claims of unreasonable delay in processing of immigrant visa application.

### d. **Court has jurisdiction under Mandamus act and APA act to grant relief**

The majority of courts court have expressed that APA requires adjudication be completed within a reasonable time frame. Ren v. Mueller, Case No. 6:07-cv-790-Orl-19DAB, 2008 U.S. Dist. LEXIS 4300(M.D. Florida, January 20, 2008); Jiang v. Chertoff, Case No. 06-CV-2816-L(LSP), 2008 U.S. Dist. LEXIS 5908(S.D. Cal., Jan 28, 2008); Camerena v. Chertoff, Case No. 07 C 822, 2008 U.S. Dist. LEXIS 3283(N.D. Illinois, January 16, 2008); Khelashvili v. Dorochoff et. al, Case No. 07 C 2826, 2007 U.S. Dist. LEXIS 89718(E.D. Illinois, Dec. 6, 2007); Chen v. Chertoff, Case No. C 07-2816 MEJ, 2008 U.S. Dist. LEXIS 4891(N.D. Cal., January 23, 2008); Kurdy v. Chertoff, Case No. 8:07CV225, 2008 U.S. Dist. LEXIS 5730 (Dist. Nebraska, January 10, 2008); Wang v. Chertoff, 2007 U.S. Dist. LEXIS 87419 ( D. Arizona, Nov. 26, 2007); Mitova v. Chertoff, Case 07-2631, 2007 U.S. Dist. LEXIS 91900(E.D. Pa, Dec. 13 2007); Xia v. Gonzalez, Case No. C07-728 MJP, 2008 U.S. Dist LEXIS 3273(W.D. Wash. January 15, 2008), Lindems v. Mukasey, Case No. 07C0476, 2008 U.S. Dist. LEXIS 5021 (E.D. Wisc., Jan 16, 2008); Singh v. Riding, Case No. CV-F-07-1198 OWW/SMS, 2008 U.S. Dist. LEXIS 3585 (E.D. Cal., January 16, 2008); Garrido v. Mueller et. al., Case No. 07 CV 1502-G, 2008 U.S. Dist. LEXIS 1648 (N.D. Texas, January 8, 2008); Miao He v. Chertoff, Case No. 07 C 363, 2008 U.S. Dist. LEXIS 628( N.D. Illinois,E.D, January 2, 2008); Ansari v. USCIS, Case No. 07 CV 160, 2007 U.S. Dist. LEXIS 94696 ( D. Nebraska, December 18, 2007); Chao v. Gonzales, 2007 U.S. Dist. LEXIS 76257, 1007 WL 3022548 (N.D. Cal. Oct. 15, 2007); Alkeylani v. DHS, 514 F. Supp 2d 258(D. Conn, September 20, 2007); See also Clayton v. Chertoff, 2007 U.S. Dist. LEXIS 76514, 2007 WL 2904049 at *5 (N.D.Cal. Oct 01, 2007) (Defendants' argument would "eviscerate § 706(1) of the APA, which clearly gives the Court the power to 'compel agency action ...

unreasonably delayed.'). Plaintiff argues that the passage of time requires the government to demonstrate some evidence that he poses a national security risk.

In cases asserting unreasonable delay by the USCIS in processing adjustment of status applications, many courts have noted that analysis of jurisdiction and relief under the Mandamus Act and the APA is coextensive. See Bondarenko v. Chertoff, 2007 U.S. Dist. LEXIS 67143, at *32 (W.D.N.Y. Sept. 11, 2007) (gathering recent cases); see also Yu v. Brown, 36 F. Supp. 2d 922, 928 (D.N.M. 1999), Zhu v. Chertoff, 2007 U.S. Dist. LEXIS 91089(W.D.Missouri, Dec 2007); Mocanu v. Mueller, No. 07-445, 2008 U.S. Dist. LEXIS 2876(E.D. Pa. Jan. 11, 2008); Soliman v. Gonzalez, 2007 U.S. Dist. LEXIS 89739( E.D. Pa, Dec. 6, 2007);

As recently concluded in Aslam v Mukasey, case number 07 cv 331, 2008 U.S. Dist. LEXIS 5616, (E.D. Va., January 25, 2008), while rejecting the prior precedent in Safadi v Howard, 466 F. Supp. 2d 696 {E.D. Va. 2006), observed that the majority of district courts addressing the issue have found jurisdiction and granted relief.

### e. Defendants have not provided evidence that they complied with C.F.R. §103.2(b)(18)

Although 8 C.F.R. § 103.2(b)(18) grants defendants discretion in the sense that it provides authority to withhold adjudication under a particular set of circumstances, it does not deprive this court of jurisdiction. Also the arguments put forth in Zahani v. Neufeld, 2006 WL 2246211 (M.D. Fla. June 26, 2006)(Attachment H of Defendants reply memorandum) was rejected by many courts including the same court in Ren v. Mueller, Case No. 6:07-cv-790-Orl-19DAB, 2008 U.S. Dist. LEXIS 4300(M.D. Florida, January 20, 2008).[1]

[1] First, it must be remembered that § 1252(a)(2)(B) does not bar review of any discretionary act by defendants, but only those discretionary acts the "authority for which is specified under this subchapter." Obviously, because C.F.R. § 103.2(b)(18) is a regulation and not a statute, any discretion granted by the regulation is not "specified under this subchapter" for the purpose of acting as a bar to judicial review. Soltane v. United States Dept. of Justice, 381 F.3d 143, 146 (3d Cir. 2006) ("the language of the statute in question must provide the discretionary authority before the bar [under § 1252(a)(2)(B) can have any effect"); Zafar v. United States Attorney General, 426 F.3d 1330, 1335 (11th Cir. 2005) (holding that if acts "are not statutorily-proscribed," they are not "discretionary acts" within meaning of § 1252(a)(2)(B) and are subject to judicial review.

## III. CONCLUSION

For the foregoing reasons and others mentioned in Plaintiffs Opposition to Defendants Motion to Dismiss, the Plaintiff respectfully asks that Defendants Motion to Dismiss be Denied.

Respectfully Submitted,

Dated February 5, 2008

Rajesh Radhakrishnan

Rajesh Radhakrishnan
**PRO SE**
49 Ballou St
Cumberland RI 02864
Telephone ( 401)401-0591
Facsimile ( 401)-276-4408
Email: rip@3ds.com