**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **Rajesh Radhakrishnan** | ) |
| **Smitha Sankaran Nair** | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION** |
| | ) **NO. CA 07 327S** |
| ***Michael Chertoff*** **as Secretary** | ) |
| **Department of Homeland Security;** | ) |
| ***et. al.*** | ) |
| **Defendants** | ) |
| | ) |
| | ) |

**PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

COMES NOW, Plaintiffs, by and through pro se, Pursuant to Rule 65, F.R.Civ.P., moves this Honorable Court to grant a temporary restraining order and preliminary injunction against Defendants generally and specifically against the U.S. Department of State from assigning visa numbers available to Plaintiffs to another immigrant visa applicant. Plaintiffs application to adjust status is presently pending with Defendant USCIS. According to visa bulletin issued by Defendants, Department of State(DOS) for April, 2008, visa numbers will become available in Plaintiffs category on April 1, 2008. It is highly likely, that these visa numbers will be lost to Plaintiffs unless Defendants USCIS can promise this court that are ready to adjudicate Plaintiffs application in April, 2008 and will obtain the required visa numbers from Defendants DOS before these numbers become unavailable. Plaintiff has contacted officers employed by USCIS and has obtained no such assurances. Plaintiff has contacted Defendants attorney and has obtained no such assurances. Plaintiffs were placed in a similar situation in December 2007 and lost valuable visa numbers available to them as per the December visa bulletin. Absent such promises in writing, Plaintiffs require that this court enjoin Defendants DOS from releasing two(2) visa numbers from the EB-2 Category for nationals from India and order that these immigrant visas be reserved for Plaintiffs adjustment applications. Plaintiff's also request honorable court to require that Defendants USCIS state if they can adjudicate Plaintiffs application in April 2008 in light of their policy change memo dated February 4, 2008[1]. Otherwise, as discussed herein, Plaintiff will suffer irreperable harm. Plaintiff further requests a hearing with this court **<u>on or before March 31, 2008</u>**. Plaintiff

[1] Where the application is otherwise approvable and the FBI name check request has been pending for more than 180 days, the adjudicator shall approve the 1-485. Plaintiff meet this criteria and have visa numbers available to them in April 2008.

incorporates by reference the allegations contained in the third amended complaint filed with this court(Dckt # 19).

Respectfully Submitted

Rajesh Radhakrishnan

Rajesh Radhakrishnan
49 Ballou St
Cumberland
RI 02864 USA
Ph: 401 441 0485

Smitha Sankaran Nair

Smitha Sankaran Nair
49 Ballou St
Cumberland
RI 02864 USA
Ph: 401 441 0485

# CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, I filed the Opposition to Defendants' Motion to Dismiss with the Clerk of the United States District of Rhode Island and a copy has been forwarded by certified mail, postage prepaid, to the Defendants' Counsel at:

Robert Clark Corrente,
United States Attorney
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor,
Providence
RI 02903

Rajesh Radhakrishnan

Rajesh Radhakrishnan
49 Ballou St
Cumberland
RI 02864 USA
Ph: 401 441 0485
Email: radhakrishnan.rajesh@gmail.com

# I. INTRODUCTION

This is an application for preliminary injunction against Defendants who have unreasonably delayed adjudication on Plaintiffs application to adjust status. Defendants are alleged to have wilfully, recklessly and wantonly adjudicated applications with priority dates much later than plaintiffs in clear violation of established statutes. Plaintiff incorporates by reference the allegations contained in the third amended complaint filed with this court.

This is an application requesting honorable court to grant a temporary restraining order("TRO") and preliminary injunction against Defendants. Plaintiffs application to adjust status("I-485") is pending with Defendants USCIS for over three years now. USCIS has unreasonably delayed adjudication of Plaintiffs application. Specifically, Plaintiffs seek a temporary restraining order against Defendant, U.S. Department of State("DOS"), to enjoin the DOS from assigning two visa numbers rightfully available to Plaintiffs as per the April 2008 Visa Bulletin to another immigrant visa applicant. Plaintiffs EB-2 India immigrant visa category("visa category") allows for the adjudication of their application for adjustment("adjustment application") under the DOS' April 2008 Visa Bulletin, but it is uncertain that this same visa category will be available after May 1, 2008 causing Plaintiffs adjustment application to be withheld from processing for an unknown period of time. See, Visa bulletin for April 2008, available at

http://travel.state.gov/visa/frvi/bulletin/bulletin_4177.htm

A copy of which is attached and incorporated herein as "Exhibit A".

Since February 4, 2008, Defendants USCIS have in a policy reversal, decided to adjudicate adjustment applications such as plaintiffs even if the FBI namechecks are not completed. Plaintiffs fear that Defendants will seek now to punish them for having dared to file this complaint. Partly, Plaintiffs fear stem from USCIS letter to Plaintiff Rajesh Radhakrishnan dated February 11, 2008 wherein it still states that background checks are pending(attached hereto as Exhibit B). Additionally, Plaintiff, Rajesh Radhakrishnan attended an infopass appointment with the USCIS office in Providence on March 17, 2008 and spoke to Immigration Officer, E Norberg.[2] She refused to give any further information about plaintiffs application. Specifically, she mentioned that Plaintiff should contact the Texas Service Center in writing about any information regarding Plaintiffs application. She also mentioned that thousands of applicants are preadjudicated and there is no guarantee that Plaintiffs application will be adjudicated in April, 2008. Unless this court intervenes, It is quite easy for Defendants USCIS to delay plaintiffs adjudication beyond April, 2008 and cause plaintiff to lose valuable visa numbers available as per the April visa bulletin.

Plaintiffs request this honorable court set a hearing on this Application for Preliminary Injunction and TRO on or before March 31, 2008 as visa number could well be exhausted by April 1, 2008.[3] The honorable court should note that adjudicating

---

[2] See para 67 in third Amended Complaint. The same officer on February 7, 2008 informed Plaintiff that his application was preadjudicated under review since November 1, 2007.

[3] On or about June 12, 2007, the State Department issued Visa Bulletin No. 107, Vol. VIII entitled "Visa Bulletin for July 2007" (the "July Bulletin"). The July Bulletin indicated that visa numbers are available in all categories to applicants during July. It has been the State Department's pattern and practice for over 30 years to issue visa bulletins at mid-month that set forth the availability of visas for the following month. However, on or about July 2, 2007, the State Department issued an "Update on July Visa Availability" (the "July 2 Update"), indicating that all employment based visa numbers in all categories have been exhausted.

plaintiffs application in April, 2008 does not lead way to dismissal of instant complaint as moot. The only remaining issue then will be for the court to decide if backdating the GC is a valid relief in instant case.

## II. LEGAL ARGUMENTS

### A. Standard for Temporary Restraining Order or Preliminary Injunction

There are four prerequisites for the granting of a temporary restraining order or preliminary injunction. To prevail, a plaintiff has the burden to demonstrate:

1. A substantial likelihood of success on the merits.
2. A substantial threat of immediate and irreparable harm if the preliminary injunction is not granted.
3. that the threatened harm outweighs the harm to the opposing party if the preliminary injunction is granted.
4. that granting the preliminary injunction will not disserve the public interest.

See Ramos v. Thornburgh, 732 F. Supp. 696, 699(E.D. Tex. 1989); McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir.2001).The movant bears the burden of proof on each factor. None of the factors by itself is determinative; rather, in each case, the factors must be balanced to determine whether they tilt toward or away from granting injunctive relief. Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1041 (8th Cir. 2003);

### B. A TRO and Preliminary injunction is Warranted

In the present case, the government has no legal basis to withhold adjudication of Plaintiffs application in April, 2008. Since March, 2005, Defendants have successfully delayed the adjudication of plaintiffs applications under the garb of national security and pending background checks, thereby achieving by inaction an outcome that it could not accomplish by direct action. Thus, Plaintiff's case are ripe for judicial review. American Academy of Religion v. Chertoff, 463 F. Supp. 400, 401 (S.D.N.Y. 2006) at 413-414.

#### 1. Plaintiff has a substantial likelihood of Success[4]

Plaintiff incorporates by reference the allegations contained in the third amended complaint filed with this court.

#### i. Court has jurisdiction over Agency Inaction in Instant Complaint and the authority to grant suitable relief.

---

On information and belief, this is an unprecedented turn of events in that it is the first time in some thirty years that the State Department has purportedly rescinded a previous visa bulletin;

[4] See Alibeik v. Chertoff, 2007 U.S. Dist. LEXIS 86289( N.D. Cal., Nov 2007 ), *"The visa numbers ran out as of July 2, 2007. Heinauer Decl. P 8. The responsibility for the lack of visa numbers, however, is not attributable to Plaintiff. In this case, Defendants are entirely responsible for the delay in processing Plaintiff's application."*

It is important to distinguish carefully between a denial of an application to adjust status, and a determination that an immigrant is legally ineligible for adjustment of status. This distinction is central to the question of subject-matter jurisdiction, and is easy to elide. Indeed, such distinctions are crucial to administrative law generally; the framework of judicial review of agency action that has evolved over the past half-century is grounded in a sharp distinction between decisions committed to agency discretion, and decisions, whether "ministerial" or "purely legal," governed directly by the applicable statute or regulation. See, e.g., Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 124 S. Ct. 2373, 159 L. Ed. 2d 137 (2004); Webster v. Doe, 486 U.S. 592, 108 S. Ct. 2047, 100 L. Ed. 2d 632 (1988). Whatever the label, our caselaw distinguishes between actions which an agency official may freely decide to take or not to take, and those which he is obligated by law to take or not to take. In the case of adjustment of status, an eligible immigrant may have his application denied within the discretion of the agency. But the immigrant's eligibility itself is determined by statute. To treat 8 U.S.C. § 1255 as granting unfettered discretion to determine eligibility for adjustment of status, when these are plainly matters of law, is to fundamentally misunderstand the relationship between the executive and the judiciary. See Pinho v. Gonzalez, 432 F.3d 193(3rd Cir. 2005). Viewing the larger statutory context, the United States Court of Appeals for the First Circuit finds Congress has been explicit about where the Attorney General has been granted discretion and where he has not. See Succar v. Ashcroft, 394 F.3d 8(1st Cir. 2005). Simply speaking, the applicable statutes do not permit a reading that says USCIS and other agencies have unlimited time to determine eligibility. They have a non-discretionary duty to act on such applications.

The USCIS can withhold the adjudication for more than one year only if it complies with the requirements defined in 8 CFR § 103.2(b)(18), titled "Withholding adjudication" See, e.g. *Sherdil v. Chertoff*, 2007 WL 4564111 (D.Ariz. Dec 20, 2007) "[C]ourts have concluded that where the government fails to comply with § 103.2(b)(18), jurisdiction exists to compel the government to act on the application under § 706(1) of the APA and 28 U.S.C. § 1331." (citing cases). See also *U.S. v. Morgan*, 193 F.3d 252 (4th Cir.1999) (establishing that an agency is legally bound by underlying regulations, citing *Accardi*, 347 US 260); see also *United States v. Heffner*, 420 F.2d 809 (4th Cir. 1969) at 811 ("An agency of the government must scrupulously observe rules, regulations, or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down."). Plaintiffs application to adjust status is pending for over three years now, far beyond the normal processing time for such applications and defendants have proferred no explanation for the delay other than vague references to national security concerns.

### ii. Plaintiffs have strong likelihood to sustain the preliminary injunction requested as it accords with congressional intent.

Plaintiffs in this application for preliminary injunction only seek to enjoin the DOS from assigning two immigrant visa numbers, available to them, to another immigrant visa applicant. Of interest here is Plaintiffs priority date, April 3, 2000. As per April 2008 visa bulletin, any applicant in Plaintiffs category with priority date earlier than December 3, 2003 in plaintiffs category is eligible for adjustment of status. A similar

scenario existed in December 2007.[5] In this case, congressional intent is clear in 8 U.S.C. § 1153(e). *Immigrant visas made available under subsection (a) or (b) of this section shall be issued to eligible immigrants in the order in which a petition in behalf of each such immigrant is filed with the Attorney General.* As the United States Supreme Court has said in the immigration context: The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent. If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect. See Succar, 394 F. 3d 8.

### iii. Majority of district courts in related lawsuits have granted relief under Mandamus and APA statutes.

"There is significant district court authority holding that subject matter jurisdiction is appropriate for judicial review of an agency's failure to take action or to review the pace of adjustment application processing" See, Liu v Novak, 509 F. Supp. 2d 1, 13 (D.D.C. Aug. 30, 2007. See also, Tang, 2007 U.S. Dist Lexis 64022 at *14-19 (E.D. Ky. Aug, 29, 2007) (granting a preliminary injunction and writ of mandamus after finding that USCIS had a non-discretionary duty to process plaintiff's I-485 application); Saleem v Keisler, 2007 U.S. Dist. LEXIS 80044 at *37(W.D. Wisc. Oct 26, 2007) ( USCIS ordered to adjudicate adjustment application within 60 days).

### iv. Equitable relief in instant complaint is considerable and overwhelming.

To date, neither the USCIS nor it's contracting agency, FBI, has offered any plausible explanation that warranted withholding of the adjudication since April 3, 2005. Also see Sun Il Yoo v INS, 534 F.2d. 1325, ( 9th Cir.1976) " *in short, no apparent justification for the Service's unreasonable delay in recognizing the bona fides of Yoo's petition. Such conduct, it seems to us, fully merits the [**7] characterization of "oppressive"*. Also see, Galvez v. Howerton, 503 F. Supp. 35(C.D. Cal. 1980) *"In the present case,... the plaintiffs were clearly eligible for permanent resident status at the time they filed their applications.... The Court finds that the INS has engaged in affirmative misconduct ... and that defendants are estopped from denying them permanent resident status"*. Defendants have a practice of violating the statute and issuing visas not in accordance with the law or with their own regulations. This merits estoppel claims in instant complaint.

## 2. Irreparable Injury and Harm

As explained in the third amended complaint, Plaintiffs belong to EB2 category of employment based immigration and are Indian Nationals. There is heavy demand for visa numbers in this category. Unless this court intervenes to ensure visa

[5] See para 64 in third amended complaint. No other remedy exists to fix this injustice unless this court intervenes and issues a TRO and/or preliminary injunction.

numbers from April, 2008 visa bulletin are reserved for applicants, Plaintiff will suffer irreparable injury in that the delay in the processing of their adjustment applications will be further delayed for an unknown period of time. Due to the agency inaction described above, Plaintiffs future naturalization( to become a U.S. citizen) has been delayed. This further compounds Plaintiff's irreparable injuries by disenfranchising him from participation in the U.S. political process for an unknown period of time.

As mentioned in Para 62, third amended complaint, Plaintiff Rajesh Radhakrishnan continues to suffer financial losses by his inability to secure promising job offers based on him not having a Green Card.[6]

Plaintiffs have been forced again to apply for advance parole document to travel abroad to meet their family and for continuance of their temporary work permits. Plaintiffs have to again obtain transit visa from British Embassy to merely travel via London Heathrow Airport to their home country(India) to visit family. This results in significant out-of-pocket expenses, including attorneys' fees, inconvenience and loss of wages.

### 3. No harm to Defendants

In stark contrast, there is absolutely no plausible interest that USCIS can claim in preventing Plaintiffs from becoming lawful permanent residents of the United States. USCIS unwillingness to follow their own policy after their own regulatory violations results in a hardship to Plaintiffs. Absent this court intervention, USCIS has already indicated that they are not bound to adjudicate in any time frame(* 3 of Defendants motion to dismiss, Dkt # 11), and do not mind putting plaintiffs life in a state of "Limbo".

### 4. Disservice to the Public Interest

If the government has reason to suspect Plaintiffs are a threat to national security that would merit denying their applications, this information is yet to surface. After over three years, Defendants are yet to adjudicate on Plaintiffs application. The public's interest is aligned with Plaintiffs. The public has an interest in the Government following its own laws and policies and honor congressional mandate.

## III. SECURITY

Fed. R. Civ. P. 65(c) states that no restraining order or preliminary injunction shall issue except upon the giving of security in an amount the court deems proper for the payment of such costs and damages as may be incurred by any party found to have been wrongfully enjoined or restrained. Respondents in this case will incur no costs or damages if they are compelled to follow their own policy. Afterall, Defendants are the ones who created their policy and thus contemplated any steps reasonably necessary to comport . Plaintiff's requests that the court use its discretion to require only a nominal bond in the amount of $50.

## IV. CONCLUSION

[6] When applications for adjustment of status are adjudicated favorably, Applicants are told to be Green Card recipients.

Because they are likely to succeed on the merits of their claim, and because they face significant hardship if USCIS is not compelled to follow its own policy and adjudicate plaintiffs application in April 2008, Plaintiffs' respectfully request this court to grant their motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue.

Alternatively, since time is of the essence, and the Court may, before or after the commencement of the hearing of an application for a preliminary injunction, order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Plaintiff would request that this matter be expedited in order to protect Plaintiff's interest